HOUSTON TITLE COMPANY, Title Insurance Company of Minnesota, William J. Wise and William J. Wise Developments, Inc., Appellants,

v.

Rocio OJEDA DE TOCA, Appellee.

No. A14–86–412–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

June 4, 1987.

Rehearing Denied July 2, 1987.

Charles E. Fitch, Houston, for appellants.

Gary L. Crofford, Preston L. Dobson, Jack W. Emmott, III, Daryle W. Bailey, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ROBERTSON and CANNON, JJ.

## OPINION

ROBERTSON, Justice.

This appeal arises from a suit for damages brought by a purchaser of real estate (appellee) against the seller and title insurance companies (appellants) when the City of Houston demolished a structure on the property after the purchase by appellee. Judgment was entered for appellee against the title companies based on her claim of negligence and against the seller for violations of the Deceptive Trade Practices-Consumers Protection Act and Fraud in Real Estate and Stock Transactions statutes.

The issues before us are whether title insurance companies have a duty to discover and disclose to the buyer as the insured the existence of a recorded building order affecting the premises, and whether such a recordation is a seller's defense to the purchaser's claims under the DTPA and real estate fraud statutes. We hold that appellee's claims are barred as a matter of law and reverse the trial court's judgment.

The facts relevant to our disposition are undisputed. The property the subject of this suit is located at 1815 Southmore Street in Houston, Texas. Prior to 1979 the property, containing a house, was owned by Evance and Johnnie Captain. Earlier there had been a fire in the house and it was abandoned. On January 2, 1979, an Order of the Building Official was signed by Horace Cude, Administrative Assistant to the Director of Public Works for the City of Houston, in which the remaining structure was determined to be dangerous. The Order mandated the posting of the house as a dangerous building and gave the owners until February 10, 1979, to submit plans for repairs to comply with all applicable laws and ordinances; if no such plans were submitted, the Order authorized the City of Houston to demolish the building and place a lien on the property for the demolition costs. This Order was filed in the Official Public Records of Real Property of Harris County, Texas, on January 22, 1979.

On September 28, 1979, the property was conveyed by general warranty deed from the Captains to appellant William J. Wise Developments, Inc. Shortly thereafter, appellee and her husband, residents of Mexico City, decided to purchase a home in Houston to live in during their frequent trips to acquire medical treatment for Mr. Toca's mother. In October of 1979 appellee was shown the house on Southmore and in November signed an earnest money contract with appellant Wise in which she agreed to purchase the property and improvements for $23,000.00 and further agreed to remodel the house within 12 months. The closing took place on November 15, 1979, with the property conveyed by general warranty deed with an owner's policy of title insurance issued by the appellant title insurance companies; neither the deed nor the policy mentioned the condemnation Order.

Immediately after the closing appellee parked her car in the garage on the property and returned to Mexico. On March 10, 1980, the house was demolished pursuant to the city's Order. When appellee returned in July 1980 she found only the garage with her car and a lien for demolition costs placed against the property. She then brought suit against the title companies alleging misrepresentation of the property's condition, negligence and gross negligence, violations of the DTPA and real estate fraud statutes, and breach of fiduciary trust. Against Wise and his company she alleged the same causes of action in addition to breach of earnest money contract and general warranty deed. Trial was to the jury, which found in answers to special issues that both the title companies and Wise/Wise Developments were negligent in failing to disclose the Order and that this failure was a violation of the DTPA. The jury further found that Wise's failure to disclose was a violation of the statutes governing fraud in real estate transactions. The Modified Final Judgment deleted the DTPA grounds for recovery against the title companies, and ordered judgment against all for $19,037.95 plus prejudgment interest. The judgment further ordered Wise/Wise Developments to pay $2,000.00 in DTPA damages, $5,000.00 in exemplary damages, and attorney's fees. It is from this judgment that both the title companies and Wise/Wise Developments appeal.

In their first point of error appellants Houston Title Company and Title Insurance Company of Minnesota contend the trial court erred in entering judgment against them based on the jury's findings of negligence because the title companies had no duty, as a matter of law, to discover the Order of the Building Official, and therefore the failure to disclose the Order cannot form the basis for a negligence cause of action. We agree.

██ The duties owed by a title insurance company to its insured have been well

documented and are more easily understood in terms of the relationship between the two. The title insurance company is not, as is an abstract company, employed to examine title; rather, the title insurance company is employed to guarantee the status of title and to insure against existing defects. Thus, the relationship between the parties is limited to that of indemnitor and indemnitee. *Tamburine v. Center Savings Association,* 583 S.W.2d 942, 947 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r. e.). *See also Wolff v. Commercial Standard Insurance Co.,* 345 S.W.2d 565, 569 (Tex.Civ.App.—Houston 1961, writ ref'd n.r.e.), in which it was held that a title company owed no duty to its insured to point out any outstanding encumbrance, and that the only duty imposed on the title insurance company by its policy was to protect the insured against any loss as the result of defects in the title or outstanding encumbrances. This court held in *Prendergast v. Southern Title Guaranty Co.,* 454 S.W.2d 803, 807 (Tex.Civ.App.—Houston [14th Dist.] 1970, writ ref'd n.r.e.), that no cause of action for negligence exists against a title company for failure to discover defects in title prior to the issuance of the title policy.

Appellee relies on two cases that may be distinguished on their facts. In *Gibbs v. Main Bank of Houston,* 666 S.W.2d 554 (Tex.App.—Houston [1st Dist.] 1984, no writ), the court considered whether the title company had a duty to disclose to the insured any material facts affecting the decision to purchase the property. The insured contended that the title company and seller conspired to conceal information regarding a pre-existing lien against the property. The court recognized that the DTPA protects against this type of deceptive practice but did not address, as in the case before us, an insured bringing a negligence cause of action. Also distinguishable are the facts in *Great American Mortgage Investors v. Louisville Title Insurance Co.,* 597 S.W.2d 425, 430 (Tex.Civ.App.—Fort Worth 1980, writ ref'd n.r.e.), in which the court held that the tort of negligent misrepresentation can apply to title insurers where the title company actually represented that no deed restrictions were in existence. The

court stated that "Having made the representation the title insurer is held to the standard of reasonable care and may under the proper circumstances be liable in tort for damages...." *Id.* In our case no such active representation is alleged to have occurred.

We sustain the title companies' first point of error and hold that the trial court erred in entering judgment against them based on the jury findings of negligence because no duty was owed by them to discover and disclose to appellee the existence of the Order of the Building Official.

■ Wise and Wise Developments contend in their first point of error that the trial court erred in denying their Motion for Instructed Verdict as to the DTPA claim because the recordation of the Order in the county records is a defense to that action as a matter of law.

We sustain this point of error. The Order of the Building Official was recorded in the real property records of Harris County on January 22, 1979, months before appellee's purchase of the property in September 1979. This recordation is constructive notice to all persons of the existence of the instrument. Tex.Prop.Code Ann. § 13.002 (Vernon 1984). The constructive notice provided by a recording statute is a defense to an action under the DTPA. *Medallion Homes, Inc. v. Thermar Investments, Inc.,* 698 S.W.2d 400, 402 (Tex.App. —Houston [14th Dist.] 1985, no writ). *See also Jernigan v. Page,* 662 S.W.2d 760 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.). Appellee attempts to distinguish these cases because each involved a claim of breach of warranty under § 17.50(a) of the DTPA. Appellee cites a dissenting opinion in *Smith v. Baldwin,* 611 S.W.2d 611, 619 (Tex.1980), in which Chief Justice Greenhill notes that the legislature clearly distinguished between breach of warranty and misrepresentation causes of action, and urges this court not to expand the holdings of *Medallion Homes* and *Jernigan* to include a § 17.46 misrepresentation claim such as we have here. This court is aware that the Texas Supreme Court in *Smith v. Baldwin* stated that the DTPA was enacted to provide consumers a cause of action without the burden of proof and numerous

defenses encountered in a common law fraud or breach of warranty suit. However, we are not convinced that the holdings in *Smith, Medallion* or *Jernigan* intended to limit the recordation defense to claims under only one section of the DTPA. Wise's first point of error is sustained.

In their second point of error Wise and Wise Developments contend the trial court erred in denying their Motion for Instructed Verdict on appellee's statutory fraud claim because the recordation of the Order is a defense to that claim as a matter of law.

 The jury found that the failure by Wise and Wise Developments to disclose the existence of the Order constituted fraud in a real estate transaction. However, a purchaser of land has constructive notice of all information contained in his grantor's chain of title, and he is bound by every recital, reference and reservation contained in or fairly disclosed by any instrument which forms an essential link in that chain. *Westland Oil Development Corp. v. Gulf Oil Corp.*, 637 S.W.2d 903, 908 (Tex.1982). Thus, appellee's cause of action for failure to disclose the existence of the Order was barred as a matter of law because she was charged with actual notice of it. *NRC, Inc. v. Pickhardt*, 667 S.W.2d 292, 294 (Tex.App.—Texarkana 1984, writ ref'd n.r.e.). The second point of error is sustained.

The trial court erred in entering judgment against Houston Title Company and Title Insurance Company of Minnesota based on the jury's finding of negligence, and in denying the Motion for Instructed Verdict of William J. Wise and William J. Wise Developments, Inc., as to appellee's DTPA and fraud in real estate claims, as such claims are barred as a matter of law. We therefore reverse the trial court's judgment and render judgment that appellee take nothing.

J. CURTISS BROWN, C.J., not sitting.