**Rocio OJEDA de TOCA, Petitioner,**

v.

**William J. WISE and Wise Developments, Inc., Respondents.**

**No. C–6717.**

Supreme Court of Texas.

April 27, 1988.

Gary L. Crofford and Daryl W. Bailey, Harpold, McDonald, Fitzgerald & Hall, Houston, for petitioner.

Preston L. Dodson, Jack H. Emmott, III, Emmott & Arbuckle, Charles E. Fitch, De Lange, Hudspeth, Pitman & Katz, Houston, for respondents.

KILGARLIN, Justice.

We granted writ in this cause to determine whether imputed notice under the real property recording statutes operates as a defense to a buyer's action for damages arising out of deceptive trade practices. *See* Tex.Bus. & Com.Code Ann. §§ 17.41–17.63 (Vernon 1987) (hereinafter DTPA). The court of appeals concluded that the imputed notice did operate as a DTPA defense and reversed a trial court judgment favorable to the buyer. 733 S.W.2d 325.

We hold there is no such defense and accordingly reverse the judgment of the court of appeals.

Rocio Ojeda de Toca purchased a house from Wise Developments, Inc. Some time after the purchase, the City of Houston demolished the house pursuant to an order which had previously been filed in the Harris County deed records. Mrs. Toca filed suit against the seller, Wise Developments, Inc., and its owner, William J. Wise, alleging deceptive trade practices, fraud in a real estate transaction, and negligence. Also named as defendants were two title insurance companies who settled with Mrs. Toca after application for writ was filed. Those companies are no longer before this court.

As pertinent to our inquiry, the jury found that Wise, individually, and Wise Developments: failed to disclose that the property was subject to the demolition order; knew the property was subject to the order; and, intended to induce the purchase by failing to disclose that the property was subject to the order. The jury further found that Mrs. Toca would not have purchased the property had she known of the order and the failure to disclose was a producing cause of damages. The trial court rendered judgment awarding damages to Mrs. Toca. The court of appeals, in reversing, concluded that recordation of the City's demolition order provided constructive notice and constituted a defense as a matter of law to Mrs. Toca's DTPA and fraud claims.

DTPA § 17.50(a)(1) permits a consumer to maintain an action when any act or practice enumerated by section 17.46(b) is a producing cause of actual damages. As applicable to this case, section 17.46(b) makes actionable:

(23) the failure to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

Tex.Bus. & Com.Code § 17.46(b)(23) (Vernon 1987). The jury's findings clearly authorize recovery against Wise and Wise Developments under DTPA §§ 17.50(a)(1) and 17.46(b)(23). Thus, the question squarely presents itself: did recordation of the City's demolition order operate as a defense to Mrs. Toca's fraud and DTPA claims against Wise and Wise Developments?

In support of its ruling, the court of appeals cited two cases which state that record notice operates as a defense to a DTPA cause of action. *Medallion Homes, Inc. v. Thermar Investments, Inc.*, 698 S.W.2d 400 (Tex.App.—Houston [14th Dist.] 1985, no writ); *Jernigan v. Page*, 662 S.W.2d 760 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.). The *Medallion Homes* opinion relied on *Jernigan*. In *Jernigan*, the court of appeals affirmed a directed verdict against DTPA plaintiffs because it found no evidence warranting submission of DTPA issues to the jury. 662 S.W.2d at 762. In dictum, however, and without citing any authority, the court went on to state that record notice is a defense to a DTPA action. *Id.* It is true that the supreme court refused the Jernigans' application with the notation of "no reversible error." However, the judgment of the court of appeals in that case was supportable on no evidence grounds. In any event, we expressly disapprove *Jernigan* and *Medallion Homes* to the extent they conflict with this opinion.

The legislature itself has commanded that, "[i]n interpreting a statute, a court shall diligently attempt to ascertain legislative intent and shall consider at all times the old law, the evil, and the remedy." Tex.Gov't Code Ann. § 312.005 (Vernon 1988); *Crimmins v. Lowry*, 691 S.W.2d 582, 584 (Tex.1985). We ascertain no intent on the part of the legislature to bar DTPA or fraud actions because an examination of county records would have disclosed the seller's deception. We conclude instead that the purpose of recording statutes is to protect

intending purchasers and encumbrancers ... against the evils of secret grants and secret liens and the subsequent frauds

attendant upon them. To that end, it is provided that an innocent purchaser, having no notice of liens or adverse claims not disclosed by the records in the manner prescribed by the statute, *will hold land* as against such claims and liens. 66 Am.Jur.2d *Records and Recording Laws* § 48 (1973) (emphasis added), citing *Taylor v. Harrison*, 47 Tex. 454 (1877).

The quoted text emphasizes the evil which legislatures across the country have attempted to remedy through real property recording statutes: a good faith purchaser should not lose title to real estate when he has exercised diligence to verify the seller's ownership. Responding to these concerns, the Texas Legislature enacted a comprehensive statutory recording system which provides in part that "[a]n instrument ... properly recorded in the proper county is notice to all persons of the existence of the instrument." Tex.Prop.Code Ann. § 13.002 (Vernon 1984). Despite this and substantially identical predecessor provisions, Texas courts have never held that a purchaser's failure to search the deed records would bar his fraud action against the seller. *See Graham v. Roder*, 5 Tex. 141, 147 (1849) (fraud and deceit action maintainable despite fact that plaintiff "did not go to the records, the proper source for information"); *Buchanan v. Burnett*, 102 Tex. 492, 119 S.W. 1141 (1909). *See also Boucher v. Wallis*, 236 S.W.2d 519, 526 (Tex.Civ. App.—Eastland 1951, writ ref'd n.r.e.) ("purpose of recording laws is to notify subsequent purchasers ... and not to give protection to perpetrators of fraud"); Restatement (Second) of Torts § 540 comment b (1977). Additionally, Wise's reliance on *Westland Oil Development Corp. v. Gulf Oil Corp.*, 637 S.W.2d 903 (Tex.1982), and *NRC, Inc. v. Pickhardt*, 667 S.W.2d 292 (Tex.App.—Texarkana 1984, writ ref'd n.r. e.), is misplaced. *Westland Oil* was a title dispute, and *Pickhardt* involved a statute of limitations defense. Neither case holds that constructive notice by itself will bar a consumer's action for DTPA damages or for statutory fraud. Title to Mrs. Toca's house is not in issue, and we perceive no valid reason to allow Wise and Wise Development to escape damages liability arising out of fraud or conduct proscribed by DTPA § 17.46(b)(23). There are defenses to a deceptive trade practices action, e.g., DTPA § 17.506, but imputed notice under real property recording statutes is not one of them.

In sum, we hold that recording of the City's demolition order does not relieve Wise and Wise Developments from liability to Mrs. Toca under her DTPA and fraud theories of recovery. Although the jury's findings are sufficient to support liability, the court of appeals has yet to rule on other points of error urged in that court. We therefore reverse the judgment of the court of appeals and remand this cause to that court for further proceedings consistent with this opinion. Our judgment is without prejudice to the right of Wise and Wise Developments, on remand, to request a credit based on the amount of Mrs. Toca's settlement with the title insurance companies.