**Joy REA, Appellant,**

**v.**

**D. Brooks COFER, Jr., Cofer and Cofer, Inc., Nonie F. McDonald, Individually and as Independent Executrix of the Estate of W.T. McDonald, Sr., Judicial Arbitration and Mediation Services, Inc., American Title Company of Brazos County, Linda K. Huckaby, D. Michael Holt, Caperton, Rogers & Miller, P.C., Judge J.D. Langley, and Judge W.T. (Tom) McDonald, Jr., Appellees.**

**No. B14–93–00506–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

May 19, 1994.

Joy Rèa, Houston, for appellant.

Anne M. Cofer, Bryan, Harry G. Potter, Austin, D. Michael Bolt, Bryan, for appellees.

Before SEARS and LEE, JJ., and JUNELL, J. (Retired, Sitting by Assignment).

## OPINION

LEE, Justice.

This is an appeal from a summary judgment in favor of all defendants/appellees. We affirm.

The instant case arose from two previous litigations. The first litigation involved appellant and the City of Bryan, Texas. Appellant was cited for violating a city ordinance regarding the appearance and suitability of real property. After a jury found appellant guilty, the trial court imposed a civil penalty of $500.00 and ordered appellant to have the subject property cleaned. A subsequent agreement between appellant and the city resulted in the removal of several goats from the property as well. The judge presiding over this cause of action was appellee, Judge J.D. Langley. Appellant was represented in this action by appellee, D. Brooks Cofer, Jr. and his law firm, D. Cofer, Jr., Inc., (now Cofer & Cofer, Inc.).

The second litigation involved the partition and sale of a certain piece of real property in Brazos County, Texas. On June 19, 1985, appellant filed for partition alleging joint ownership in the real property including its improvements. The petition sought the appointment of a receiver to sell the property and divide the proceeds among the owners.[1] D. Brooks Cofer, Jr. and the law firm of Cofer & Cofer, Inc. represented appellant in this litigation as well. On March 25, 1987, appellee, D. Michael Holt (Holt), was appointed substitute receiver by appellee, Judge W.T. (Tom) McDonald, Jr., then presiding Judge of the 85th District Court of Brazos County. Holt was to assist in the sale of the house. Holt filed his "Receiver's Report of Sale" on April 27, 1987. According to the report, the property was sold to a third party for $18,500.00. The next day, Judge McDonald signed an order approving and confirming the sale and ordered the funds disbursed.

On August 10, 1992, appellant filed the instant suit against D. Brooks Cofer, Jr., Cofer & Cofer, Inc., and Lawyers Title Company.[2] Appellant alleged legal malpractice and DTPA violations in connection with the sale of the property in Brazos County and the litigation resulting in penalties for violations of a city ordinance. On November 20, 1992, appellant filed her first amended petition, joining the remaining defendants/appellees.

On February 23, 1993, defendants D. Brooks Cofer, Jr., Cofer & Cofer, Inc., American Title Company, Judicial Arbitration and Mediation Services, Inc., and Nonie McDonald, individually and as independent executrix of the estate of W.T. McDonald, Sr., filed their motion for summary judgment based on the affirmative defense of statute of limitations and the failure of appellant's petition to allege a breach of any legal duty owed to her by the defendants.[3] The next day, defendants Holt and Caperton, Rodgers & Miller, P.C., filed their motion for summary judgment.[4] They also asserted a statute of limitations defense, and claimed there was no breach of a legal duty owed to appellant. Finally, on April 6, 1993, Judges Langley and McDonald filed their motion for summary judgment. In addition to asserting a limitations defense, the judges raised the affirmative defense of judicial immunity. On April 5, 1993, the trial court granted all three motions for summary judgment. In a single point of error, appellant contends the trial court abused its discretion in granting appellees' motions for summary judgment, because the summary judgment evidence does not support the court's rulings.

In a summary judgment, the question on appeal, as well as in the trial court, is whether the movant met its burden of establishing that there exists no genuine issue of material fact, thereby entitling it to judgment as a matter of law. *Williams v. Glash*, 789 S.W.2d 261, 264 (Tex.1990); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d

---

1. Appellant owned a one-half interest in the property. The remaining one-half interest was shared equally by the three adult daughters of the original owner.

2. Lawyers Title Company was later dismissed from the suit.

3. At the summary judgment hearing, counsel for Cofer & Cofer, Inc., requested leave to join appellee Linda Huckaby to their motion for summary judgment. Appellant had joined Ms. Huckaby as a defendant just two weeks before the hearing. Ms. Huckaby was the legal assistant to D. Brooks Cofer, Jr.

4. At all times relevant to this case, appellee Holt was employed by the law firm Caperton, Rodgers & Miller, P.C.

671, 678 (Tex.1979). Evidence favorable to the nonmovant will be taken as true in deciding whether there is a disputed material fact issue that precludes summary judgment. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984).

The only apparent causes of action alleged in appellant's amended petition were legal malpractice and Deceptive Trade Practices Act (DTPA) violations. We will review each summary judgment on its own merits. Since the summary judgment orders do not state the specific grounds on which they were granted, the summary judgments will be affirmed if any of the theories advanced are meritorious. *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989); *Rogers v. Ricane Enterprises, Inc.,* 772 S.W.2d 76, 79 (Tex.1989).

 Appellees Langley and McDonald asserted the affirmative defenses of limitations and absolute judicial immunity. For the purposes of this appeal, we need review only the defense of judicial immunity. Appellant's allegations against these appellees arise from orders signed by Judge Langley on November 4, 1987 and by Judge McDonald on April 28, 1987 in unrelated lawsuits.[5] When a defendant moves for summary judgment based on an affirmative defense, the defendant bears the burden of proving conclusively all the elements of the affirmative defense as a matter of law such that there is no genuine issue of material fact. *Montgomery v. Kennedy,* 669 S.W.2d at 311; *Pierson v. Houston Indep. School Dist.,* 698 S.W.2d 377, 380 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.).

 A judge enjoys absolute judicial immunity from liability for acts performed or not performed in the course of judicial proceedings over which he has jurisdiction. *Turner v. Pruitt,* 161 Tex. 532, 342 S.W.2d 422, 423 (1961). Appellant's suit seeks to impose civil liability arising out of appellees' performance of duties for which they enjoy absolute immunity. Judge Langley's affida-

vit established that his only contact with appellant was in his official capacity as the presiding judge of the County Court at Law Number 2, of Brazos County, Texas, in a suit between appellant and the City of Bryan. Judge Langley's affidavit further contended that any action of which appellant complains was taken in his official capacity as judge of the county court. Appellant challenged Judge Langley's assertion of immunity by contending that he acted beyond the scope of his jurisdiction because the suit before him had an amount in controversy of $10,000. This argument fails, however, because the Brazos County Court at Law has concurrent jurisdiction with the district court in civil cases in which the amount in controversy is between $500 and $50,000. Tex.Gov't Code Ann. § 25.0232(a)(2)(A) (Vernon 1988).

Likewise, Judge McDonald's affidavit established that his only contact with appellant came in his official capacity as judge of the 85th District Court of Brazos County, Texas. Specifically, in a suit to partition real property. State district courts are courts of general jurisdiction. Tex. Const. art. 5, § 8. This jurisdiction extends to suits to partition real estate. Tex.Prop.Code Ann. § 23.002 (Vernon 1984). Thus both judges established subject-matter jurisdiction, and conclusively established that they were entitled to absolute judicial immunity, and summary judgment was properly granted on that ground.

 Appellees Michael Holt and Caperton, Rodgers & Miller, P.C., (Caperton) asserted in their motion for summary judgment, no breach of duty owed to appellant, and the affirmative defense of statute of limitations. A defendant may move for summary judgment based upon the affirmative defense of statute of limitations in either a legal malpractice cause of action or a cause of action alleging DTPA violations. *See Burns v. Thomas,* 786 S.W.2d 266 (Tex.1990).

 A cause of action for legal malpractice is in the nature of a tort and is thus governed by the two-year limitations statute. *First National Bank of Eagle Pass v. Levine,* 721 S.W.2d 287 (Tex.1986); Tex.Civ. Prac. & Rem.Code Ann. § 16.003 (Vernon

---

5. The only possible allegation that could be ap- plied to these appellees is the DTPA allegation.

1986). When a defendant in a legal malpractice cause of action moves for summary judgment based on the defense of limitations, it has the burden of showing when the cause of action accrued and must negate the discovery rule by proving as a matter of law that there is no genuine issue of fact about when the plaintiff discovered or in the exercise of reasonable diligence, should have discovered the facts establishing the cause of action. *Woods v. Mercer,* 769 S.W.2d 515, 518 n. 2 (Tex. 1988); *Willis v. Maverick,* 760 S.W.2d 642, 646 (Tex.1988); *Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex.1983).

■ A cause of action asserted under the DTPA is also governed by a two-year statute of limitations. *See* TEX.BUS. & COM. CODE ANN. § 17.565 (Vernon 1987); *Burns v. Thomas,* 786 S.W.2d at 267. In construing section 17.565, the Supreme Court recognized that, on summary judgment, it is the defendant who bears the burden of establishing as a matter of law that the plaintiff either discovered or should have discovered the acts giving rise to the cause of action. *Eshleman v. Shield,* 764 S.W.2d 776, 777 (Tex.1989).

■ In their summary judgment evidence, appellees established that, any complaint asserted against Holt or Caperton, arose from Holt's participation in the sale of the house in the partition suit before Judge McDonald. The sale occurred on April 27, 1987. The trial court approved the sale the following day. Appellant admitted to knowledge of the sale on April 30, 1987. Suit naming these appellees was not filed until November 20, 1992, three and one-half years after the running of the two-year limitations period. The uncontroverted summary judgment evidence proves each element of the defense of limitations. Appellees Holt and Caperton were thus properly awarded summary judgment based on the affirmative defense of statute of limitations.

The third summary judgment was granted in favor of appellees D. Brooks Cofer, Jr., Cofer & Cofer, Inc., American Title Company, Judicial Arbitration and Mediation Services, Inc., Linda Huckaby, and Nonie McDonald, individually and as independent executrix of the estate of W.T. McDonald, Sr. These appellees sought summary judgment on the grounds that appellant failed to allege any element establishing her legal malpractice cause of action, and that appellant's amended petition pled facts that conclusively showed her claim was barred by the statute of limitations.

■ The summary judgment in favor of appellees D. Brooks Cofer, Jr. and Cofer & Cofer, Inc. can be upheld on the limitations defense. Appellees' summary judgment proof establishes that the claim asserted against them arose in 1987. It also establishes that D. Brooks Cofer, Jr. did not represent appellant after 1987. Finally, it establishes that appellant's suit was not filed until August 10, 1992. Thus, the summary judgment proof establishes the defense of limitations as a matter of law, in the absence of appellant's assertion of the discovery rule. Here, appellant raised the discovery rule. While appellees' motion fails to address that issue, that omission is not fatal because the proof necessary to negate the discovery rule was contained in Holt's motion for summary judgment on file with the court. *See Desiga v. Scheffey,* 874 S.W.2d 244 (Tex.App.— Houston [14th Dist.] 1994, n.w.h.) (holding that when the trial court sets a single hearing for multiple motions for summary judgment, and all the motions and arguments are heard together, the court may look to other summary judgment proof on file with the court, to determine whether a moving party is entitled to summary judgment).

■ The summary judgment in favor of the remaining appellees can be upheld on the basis of no legal duty. An attorney malpractice action in Texas is based on negligence. *Cosgrove v. Grimes,* 774 S.W.2d 662, 664 (Tex.1989). The client seeking damages from his attorney must prove that there is a duty owed to him by the defendant, a breach of that duty, that the breach proximately caused the plaintiff injury, and that damages occurred. *McKinley v. Stripling,* 763 S.W.2d 407 (Tex.1989).

■ Appellees contended that appellant failed to establish any duty owed her by appellees American Title Company, Judicial Arbitration and Mediation Services (JAMS),

Linda Huckaby, and Nonie McDonald. The president of American Title Company stated in her affidavit that the company has never had any business relationship with appellant. A similar assertion was made by JAMS and Nonie McDonald. Therefore, these appellees could not be found to have breached any legal duty. Thus, American Title Company, JAMS, Linda Huckaby, and Nonie McDonald conclusively established against appellant, at least one element of her cause of action, and summary judgment was properly granted based on the lack of a legal duty.

Accordingly, we affirm the trial court's summary judgments as to all appellees.