Larry **JOHNSON** and Marilyn
Johnson, Appellants,

v.

**PRUDENTIAL RELOCATION MANAGE-
MENT LIMITED PARTNERSHIP et
al., Appellees.**

No. 11–95–077–CV.

Court of Appeals of Texas,
Eastland.

Feb. 15, 1996.

Opinion Overruling Rehearing
March 14, 1996.

1. See TEX.BUS. & COM.CODE ANN. §§ 17.41–
17.63 (Vernon 1987 & Supp.1996).

2. Formerly known as Merrill Lynch Operating
Partnership, L.P.

J. Mark Breeding, Frederick D. Junkin,
Joseph A. Fischer, III, Mayor, Day, Caldwell
& Keeton, Houston, for appellants.

C. David Easterling, Easterling & Easter-
ling, Houston, Reagan M. Brown, Rachel S.
Giesber, Victoria E. Moss, Fulbright & Ja-
worski, Houston, Paul J. McConnell, III, Ste-
phen C. Reid, III, Ben A. Baring, Jr., De
Lange, Hudspeth & Pitman, Houston, J. Mi-
chael Lytle, Lytle & Moore, Richmond, for
appellees.

Before ARNOT, C.J., and DICKENSON
and WRIGHT, JJ.

Opinion

DICKENSON, Justice.

This is a limited appeal under TEX.
R.APP.P. 40(a)(4). The question is whether
appellants' "constructive notice" of ease-
ments which were properly recorded bars
the lawsuit which they filed more than two
years after they were told by appellees that
there were no easements on the residential
property which they bought. The lawsuit
was filed less than two years after appellants
discovered that there were high pressure gas
pipelines buried in their backyard.

Larry Johnson and Marilyn Johnson (ap-
pellants) limited their appeal to that portion
of the trial court's final judgment which in-
corporated prior interlocutory summary
judgments that they take nothing on their
claims based upon the Deceptive Trade Prac-
tices–Consumer Protection Act,[1] negligence,
and gross negligence.

Prudential Relocation Management Limit-
ed Partnership,[2] Stewart Title Company of
Fort Bend County, Stewart Title Guaranty
Company, and Faye Stromatt (appellees) had
been granted summary judgment that appel-
lants take nothing from them because of the
two year statute of limitations.[3] We reverse

3. Other claims and parties were also involved in
the trial court proceedings. The trial court's
final judgment, after trial on the merits before a
jury, provided that plaintiffs take nothing on
those claims. Those claims are not involved in
this appeal.

and remand.[4]

### Point of Error

The sole point of error reads in full as shown:

> The trial court erred in granting the appellees' motions for summary judgment as to the Johnsons' DTPA, negligence, and gross negligence claims.

We sustain this point of error because appellees' summary judgment proof does not conclusively show that appellants' claims are barred by the two year statute of limitations.

### Discovery Rule

Section 17.565 of the Deceptive Trade Practices Act provides in part:

> All actions brought under this subchapter must be commenced within two years after the date on which the false, misleading, or deceptive act or practice occurred *or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered* the occurrence of the false, misleading, or deceptive act or practice. (Emphasis added)

Appellees argue that, as a matter of law, appellants were charged with notice of the recorded easements under TEX.PROP. CODE ANN. § 13.002 (Vernon 1984)[5] and that, consequently, they "discovered or in the exercise of reasonable diligence should have discovered" that the assurance of no easements on their property was "false" more than two years before the lawsuit was filed.

### Constructive Notice

The Supreme Court of Texas made it clear in *Ojeda de Toca v. Wise*, 748 S.W.2d 449 (Tex.1988), that "notice" of properly recorded instruments under Section 13.002 does not bar claims under the Deceptive Trade Practices Act for misrepresentations. After holding that "imputed notice under real property recording statutes" is not a defense to a buyer's action for damages from deceptive trade practices, the court points out, supra at 451:

> Title to [appellant's] house is not in issue, and we perceive no valid reason to allow [appellees] to escape damages liability arising out of fraud or conduct proscribed by DTPA § 17.46(b)(23). There are defenses to a deceptive trade practices action ... but imputed notice under real property recording statutes is not one of them.

See also *Holmes v. P.K. Pipe & Tubing, Inc.*, 856 S.W.2d 530 (Tex.App.—Houston [1st Dist.] 1993, no writ); *ECC Parkway Joint Venture v. Baldwin*, 765 S.W.2d 504 (Tex. App.—Dallas 1989, writ den'd). Both of these cases cite and follow *Ojeda de Toca.*

The First Court of Appeals said in *Holmes v. P.K. Pipe & Tubing, Inc.*, supra at 542:

> In *Ojeda de Toca*, the supreme court stated that the purpose of the recording statutes is to protect a good faith purchaser from losing title to real estate when that person has exercised diligence to verify the seller's ownership; they were not enacted for the purpose of protecting perpetrators of fraud.

> \* \* \* \* \* \*

> Actual notice includes knowledge of all facts that reasonable inquiry would have disclosed. The duty of inquiry extends only to those matters that are fairly suggested by facts that are *actually known*, rather than circumstances that merely arouse suspicion in the mind of a reasonably prudent person. (Emphasis added)

The Dallas Court of Appeals said in *ECC Parkway Joint Venture v. Baldwin*, supra at 509:

> As *de Toca* notes, deed records by statute afford notice of interests conveyed in real property for the purpose of protecting those interests and subsequent grantees, not for the purpose of protecting perpetrators of fraud.

> \* \* \* \* \* \*

Although *de Toca* does not expressly address whether constructive notice is a de-

---

4. Other portions of the trial court's judgment were not challenged by the limited appeal, and those portions of the trial court's judgment are affirmed.

5. Section 13.002 provides that:
   An instrument that is properly recorded in the proper county is notice to all persons of the existence of the instrument.

fense to other claims, like ECC's claims for negligent misrepresentation and breach of fiduciary duty, *we see no basis for allowing the defense to these claims and not the others.* (Emphasis added)

Those portions of the trial court's judgment which have not been challenged by this limited appeal are affirmed; the remainder of the trial court's judgment is reversed, and the cause is remanded.

## On Rehearing

Some of the appellees state in their motion for rehearing[1] that this court "did not address the issue it should have decided."[2] Appellees then state:

This issue is *not* whether constructive notice "bars" the Johnsons' claims, as the Court discussed in its opinion, but rather whether constructive notice commenced the running of the two-year statute of limitations—a point totally ignored by the Court in its Opinion. (Emphasis in appellees' motion)

Appellees ignore the fact that the original opinion stated that the point of error was sustained because:

[A]ppellees' summary judgment proof does not conclusively show that appellants' *claims are barred by the two year statute of limitations.* (Emphasis added)

The court's original opinion discussed appellees' argument that, "as a matter of law, appellants were charged with notice" of the recorded easements and that, consequently, they "discovered or in the exercise of reasonable diligence should have discovered" that the assurance of no easements on the proper-

ty was "false" more than two years before the lawsuit was filed.

Appellees also complain in their motion for rehearing that this court did not discuss *Mooney v. Harlin,* 622 S.W.2d 83 (Tex.1981), and *Sherman v. Sipper,* 137 Tex. 85, 152 S.W.2d 319 (1941), two supreme court cases which appellees contend "directly control" the outcome of this case.[3] None of the cases cited in the two motions for rehearing discuss the Deceptive Trade Practices Act; the later case of *Ojeda de Toca v. Wise,* 748 S.W.2d 449 (Tex.1988), makes it clear that "imputed notice under the real property recording statutes" is not a defense to a buyer's action for damages from a deceptive trade practice. We agree with the holding in *Lightfoot v. Weissgarber,* 763 S.W.2d 624 at 627 (Tex.App.—San Antonio 1989, writ den'd), that:

Weissgarber argues that the recording of the deed to him in March 1984 constituted notice to plaintiffs and began the limitations period. However, the recent case of *Ojeda de Toca v. Wise,* 748 S.W.2d 449, 451 (Tex.1988) indicates otherwise.... *It therefore was not incumbent on the plaintiffs in this case to search the title records.* The recording of the deed, of itself, would not operate to constitute notice to them [which would] begin the running of the statute of limitations. (Emphasis added)

Moreover, if constructive notice is not a defense on the merits to claims under the Deceptive Trade Practices Act, it would defy logic for us to hold that the same constructive notice "conclusively shows" (as required for a summary judgment based upon Section 17.565 of that Act) that, more than two years before their lawsuit was filed, the consumers "discovered or in the exercise of reasonable diligence should have discovered" the false assurance that there were no easements on the property which they purchased.

---

1. This motion was filed by Stewart Title Company of Fort Bend County, Stewart Title Guaranty Company, and Faye Stromatt.

2. A separate motion for rehearing was filed by the other appellee, Prudential Relocation Management Limited Partnership, formerly known as Merrill Lynch Operating Partnership, L.P. Prudential also argues that:

   When a person is charged with knowledge with the contents of a public record, as in this case, limitations on a cause of action for failing to disclose that information begins to run at

the time the person is charged with knowledge of the public records containing the information.

3. Prudential also complains that the court does not discuss three Texas court of appeals cases and one Fifth Circuit case which it says support the proposition that:

   [R]ecording a document in the public records serves as constructive notice for limitations for those persons who are *under an obligation to search the records.* (Emphasis added)

Appellees also complain in their motion for rehearing that this court did not discuss their argument that the discovery rule does not apply to the claims of negligence and gross negligence; however, those issues are not "necessary to final disposition" of this appeal under TEX.R.APP.P. 90(a). The trial court's summary judgment has to be reversed because the claims under the Deceptive Trade Practices Act were not shown to be barred by the two year statute of limitations. While trial courts have the power to grant partial summary judgments, appellate courts should not write *dicta* by addressing issues which are not necessary to the disposition of the appeal.

Both motions for rehearing are overruled.