George Neil LEWIS, Appellant,

v.

Jack D. NOLAN, Appellee.

No. 14–02–00513–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

April 17, 2003.

Timothy A. Hootman, Houston, for appellants.

Jordin S. Nolan, Houston, for appellees.

Panel consists of Justices YATES, ANDERSON, and FOWLER.

## OPINION

LESLIE BROCK YATES, Justice.

In this suit based on alleged legal malpractice, the trial court granted summary judgment in the attorney's favor based on the affirmative defense of limitations. In three related issues, appellant claims the trial court erred in granting summary judgment. Because the summary judgment evidence did not conclusively establish when appellant discovered or should have discovered the facts establishing his claim, we reverse and remand.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant, George Neil Lewis, hired attorney Jack Nolan to represent him in a lawsuit filed against Lewis in Jasper County. On May 31, 1995, the Jasper County district court entered a judgment against Lewis; however, Lewis claims he did not learn about this judgment until May 2001. Lewis contends he discovered the judgment's existence only when he tried to sell some land in Galveston County and was told that an abstract of the judgment had been filed. On June 13, 2001, Lewis filed suit against Nolan, alleging that Nolan failed to respond to a motion for summary judgment and that Nolan misled Lewis into believing the suit would be dismissed. Lewis asserted claims for legal malpractice, negligent misrepresentation, DTPA violations, and breach of contract.

Nolan filed a motion for summary judgment asserting only that Lewis's claims are barred by limitations. Specifically, Nolan argued (1) the discovery rule did not apply to Lewis's claims because his alleged injury was not inherently undiscoverable and (2) Lewis had constructive notice of the judgment. Following an April 12, 2002 hearing, Nolan filed a Legal Brief in Support of Defendant's Motion for Summary Judgment, apparently in response to a question raised by the trial court about the following recitation contained in the Jasper County judgment (emphasis added):

On the 31st day of May, 1995, came on to be heard the above-entitled and numbered cause wherein Federated Financial Services, Inc., is Plaintiff and George N. Lewis is the Defendant. The

Plaintiff appeared by its attorney of record and announced ready for trial. *The Defendant, appeared pro se.*

In his post-hearing brief, Nolan argued that the court's judgment unambiguously states that Lewis was present for the hearing on May 31, 1995, and that Lewis is prohibited, as a matter of law, from rebutting this statement. On April 25, 2002, the trial court granted Nolan's motion for summary judgment and dismissed Lewis's claims.

### SUMMARY JUDGMENT—LIMITATIONS

 The general standards for reviewing summary judgments are well settled. *See Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). Legal-malpractice claims are subject to the two-year statute of limitations. *Apex Towing Co. v. Tolin,* 41 S.W.3d 118, 120 (Tex. 2001).[1] A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense. *Rhone–Poulenc, Inc. v. Steel,* 997 S.W.2d 217, 223 (Tex. 1999). When, as here, the plaintiff pleads the discovery rule as an exception to limitations, the defendant must negate that exception as well. *Id.*

### Application of the Discovery Rule

 Nolan initially claims that the discovery rule does not apply to Lewis's claims because Lewis's injury—the existence of a judgment against him—was not inherently undiscoverable. *See S.V. v. R.V.,* 933 S.W.2d 1, 6 (noting that the discovery rule applies only to cases in which the alleged wrongful act and resulting injury are inherently undiscoverable). However, the Texas Supreme Court has clearly held that the discovery rule applies to legal-malpractice actions. *Willis v. Maverick,* 760 S.W.2d 642, 646 (Tex.1988). The court explained that imposition of the discovery rule in these cases is justified by the special relationship between an attorney and client:

> As a fiduciary, an attorney is obligated to render a full and fair disclosure of facts material to the client's representation. The client must feel free to rely on his attorney's advice. Facts which might ordinarily require investigation likely may not excite suspicion where a fiduciary relationship is involved.

*Id.* at 645 (citation omitted); *see also Apex Towing,* 41 S.W.3d at 120–21. Thus, as the court further explained in *S.V.,* because of the fiduciary relationship between attorney and client, an attorney's misconduct is considered inherently undiscoverable. *See S.V.,* 933 S.W.2d at 8.

### Constructive Notice

 When a defendant in a legal-malpractice action moves for summary judgment based on the affirmative defense of limitations, that party has the burden of (1) showing when the claim accrued and (2) negating the discovery rule by proving as a matter of law that there is no genuine issue of fact about when the plaintiff discovered or, in the exercise of reasonable diligence, should have discovered the facts establishing the cause of action. *Rea v. Cofer,* 879 S.W.2d 224, 228 (Tex.App.-Houston [14th Dist.] 1994, no writ). In his motion for summary judgment, Nolan claims Lewis had constructive notice of the judgment based on (1) the entry of judgment by the trial court and (2) five sepa-

---

1. Although his petition nominally sets forth other causes of action, Lewis concedes in his brief that "[t]his is a legal malpractice case" and that the two-year statute governs his claims. *See Greathouse v. McConnell,* 982 S.W.2d 165, 172 (Tex.App.-Houston [1st Dist.] 1998, pet. denied) (treating various claims alleging inadequate legal representation as claims for legal malpractice, regardless of how they were labeled).

rate abstracts of judgments that were filed in three different counties over a five-year period following the entry of judgment.

 Nolan first argues that Lewis had constructive notice of the judgment itself, and therefore limitations began to run from that date. In support of this argument, Nolan relies on the frequently cited proposition that a party to a lawsuit is charged by law with notice of all orders and judgments rendered in that suit. *See, e.g., K & S Interests, Inc. v. Tex. Am. Bank/Dallas,* 749 S.W.2d 887, 892 (Tex. App.-Dallas 1988, writ denied). We note, however, that courts do not blindly apply this rule in cases where notice is a contested issue. *See Lindley v. Johnson,* 936 S.W.2d 53, 56 (Tex.App.-Tyler 1996, writ denied) (holding that the trial court abused its discretion in striking a party's experts based on failure to comply with a scheduling order without conducting a hearing to determine whether the party received notice of the order); *Thomason v. Freberg,* 588 S.W.2d 821, 825–26 (Tex.Civ.App.-Corpus Christi 1979, no writ) (stating the "traditional rule" that a party is expected to keep informed of the proceedings and any judgment in the trial court, but concluding that the issue of whether a party has been diligent in keeping himself informed "is for the finder of fact"). Significantly, we have found no case where a court has applied this rule in the context of a dispute between a party and his lawyer involving the handling of the lawsuit. Lewis states in his affidavit that Nolan told him "there was no need for me to do anything else and if anything came up or needed to be done [Nolan] would contact me." It is counterintuitive to suggest that an attorney who makes such representations should then be protected from potential malpractice claims by a legal presumption that the client had notice of the final judgment against him.

 Next, Nolan claims the filing of abstracts of judgment constituted constructive notice of the judgment as a matter of law. The first two abstracts were filed in Harris and Montgomery Counties in August 1995. Thus, Nolan argues that Lewis discovered his claim as a matter of law no later than August 1995, making his lawsuit untimely. We disagree.

Under the Texas Property Code, a properly recorded instrument "is notice to all persons of the existence of the instrument." Tex. Prop.Code Ann. § 13.002 (Vernon 1984). In *Ojeda de Toca v. Wise,* 748 S.W.2d 449 (Tex.1988), the Texas Supreme Court addressed the question of whether fraud and DTPA claims were barred as a matter of law because the defendants' alleged deception would have been discovered from an examination of the county records. The court concluded that recording statutes such as section 13.002 serve a distinct purpose: to protect a good faith purchaser "against the evils of secret grants and secret liens." *Id.* at 450–51 (quoting 66 Am.Jur. 2d *Records and Recording Laws* § 48 (1973)). The court further noted that "Texas courts have never held that a purchaser's failure to search the deed records would bar his fraud action against the seller." *Id.* at 451. Accordingly, the court held that the existence of a recorded instrument that would have disclosed the defendants' deception did not relieve the defendants of liability for fraud or DTPA violations. *Id.*

Applying the rationale in *Ojeda de Toca,* at least two courts of appeals have concluded that, despite the fact that a properly recorded instrument revealed the existence of a plaintiff's DTPA claim, summary judgment was not appropriate under the

DTPA's version of the discovery rule.[2] *See Johnson v. Prudential Relocation Mgmt. Ltd. P'ship*, 918 S.W.2d 68, 69–70 (Tex.App.-Eastland 1996, writ denied); *Lightfoot v. Weissgarber*, 763 S.W.2d 624, 627 (Tex.App.-San Antonio 1989, writ denied). We agree with the reasoning of these cases and hold that the mere recording of abstracts of judgment is insufficient to establish as a matter of law that Lewis discovered or should have discovered the facts establishing his claim.

Nolan relies heavily on the supreme court's opinion in *HECI Exploration Co. v. Neel*, 982 S.W.2d 881 (Tex.1998), to support his contention that the judgment itself and the properly recorded abstracts provided Lewis with constructive notice as a matter of law. However, the issue in *HECI* was whether the plaintiff's injury was inherently undiscoverable and thus whether the discovery rule applied. In this case, there is no question that the discovery rule applies. *See Willis*, 760 S.W.2d at 646. The issue in this case is whether the entry of judgment and the filing of abstracts established constructive notice as a matter of law to trigger the running of the limitations period. As the *HECI* court specifically notes, "when the rationale for imposing constructive notice is lacking, public records have *not* been held to create an irrebuttable presumption of notice." *HECI*, 982 S.W.2d at 887 (emphasis added). Given the fiduciary nature of the attorney-client relationship and the representations allegedly made by Nolan, we conclude that the rationale for imposing constructive notice in this case is lacking.

Thus, we cannot say, as a matter of law, that Lewis knew or should have known of the judgment entered against him more than two years before this lawsuit was filed.[3]

## Actual Notice

In his brief, Nolan also argues that a statement in the Jasper County judgment that Lewis "appeared pro se" conclusively establishes that Lewis had actual notice of that judgment on the day it was entered. However, Nolan did not raise this particular issue—whether Lewis had actual notice of the judgment, thus negating the discovery rule—in his motion for summary judgment. The only ground asserted in Nolan's motion was that Lewis had constructive notice of the judgment as a matter of law more than two years before suit was filed. Although the issue of actual notice was raised in a post-hearing brief, the motion for summary judgment must itself expressly present the grounds on which it is made, and must stand or fall on those grounds alone. *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 912 (Tex.1997); *see also Swinehart v. Stubbeman, McRae, Sealy, Laughlin, & Browder, Inc.*, 48 S.W.3d 865, 885–86 (Tex. App.-Houston [14th Dist.] 2001, pet. denied) (reversing a summary judgment granted for lack of causation to the extent it was based on a causation issue not raised in the motion). Because the summary judgment cannot be affirmed on a ground not raised in the motion, we do not address whether Nolan conclusively estab-

---

**2.** A DTPA action must be commenced within two years after the date the alleged deceptive act occurred "or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered" its occurrence. TEX. BUS. & COM.CODE ANN. § 17.565 (Vernon 2002).

**3.** We express no opinion on the ultimate question of when Lewis should have discovered, in the exercise of reasonable diligence, the existence of his claim against Nolan. We merely conclude that neither the entry of final judgment nor the recording of an abstract of judgment is sufficient, under these facts, to establish that date as a matter of law.

lished that Lewis had actual notice of the judgment.

### CONCLUSION

Because Nolan did not negate the discovery rule as a matter of law, he was not entitled to summary judgment based on limitations. Accordingly, we reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

ANDERSON, J. concurring in result only.