Reversed and Remanded and Opinion filed April 17, 2003









Reversed and Remanded and Opinion filed April 17,
2003.

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-00513-CV

____________

 

GEORGE NEIL LEWIS, Appellant

 

V.

 

JACK D. NOLAN, Appellee

 



 

On
Appeal from the 270th District Court

Harris County, Texas

Trial
Court Cause No. 01-29811

 



 

O
P I N I O N

In
this suit based on alleged legal malpractice, the trial court granted summary
judgment in the attorney=s favor based on the affirmative defense of limitations.  In three related issues, appellant claims the
trial court erred in granting summary judgment. 
Because the summary judgment evidence did not conclusively establish
when appellant discovered or should have discovered the facts establishing his
claim, we reverse and remand.

                                                                              

 








                        Factual
and Procedural Background

Appellant,
George Neil Lewis, hired attorney Jack Nolan to represent him in a lawsuit
filed against Lewis in Jasper County.  On
May 31, 1995, the Jasper County district court entered a judgment against
Lewis; however, Lewis claims he did not learn about this judgment until May
2001.  Lewis contends he discovered the
judgment=s
existence only when he tried to sell some land in Galveston County and was told
that an abstract of the judgment had been filed.  On June 13, 2001, Lewis filed suit against
Nolan, alleging that Nolan failed to respond to a motion for summary judgment
and that Nolan misled Lewis into believing the suit would be dismissed.  Lewis asserted claims for legal malpractice,
negligent misrepresentation, DTPA violations, and breach of contract.

Nolan
filed a motion for summary judgment asserting only that Lewis=s
claims are barred by limitations. 
Specifically, Nolan argued (1) the discovery rule did not apply to Lewis=s
claims because his alleged injury was not inherently undiscoverable and (2)
Lewis had constructive notice of the judgment. 
Following an April 12, 2002 hearing, Nolan filed a Legal Brief in
Support of Defendant=s Motion for Summary Judgment, apparently in response to a
question raised by the trial court about the following recitation contained in
the Jasper County judgment (emphasis added):

On the 31st day of May, 1995, came on to be heard the
above-entitled and numbered cause wherein Federated Financial Services, Inc.,
is Plaintiff and George N. Lewis is the Defendant.  The Plaintiff appeared by its attorney of
record and announced ready for trial.  The
Defendant, appeared pro se.

In his
post-hearing brief, Nolan argued that the court=s judgment unambiguously states that Lewis was present for the
hearing on May 31, 1995, and that Lewis is prohibited, as a matter of law, from
rebutting this statement.  On April 25,
2002, the trial court granted Nolan=s motion for summary judgment and dismissed Lewis=s
claims.








                                     Summary Judgment B Limitations

The general standards for reviewing summary judgments are well
settled.  See Nixon v. Mr.
Prop. Mgmt. Co., 690 S.W.2d 546, 548B49 (Tex. 1985). 
Legal-malpractice claims are subject to the two-year statute of
limitations.  Apex Towing Co. v. Tolin, 41 S.W.3d 118, 120 (Tex. 2001).[1]  A defendant moving for summary judgment on
the affirmative defense of limitations has the burden to conclusively establish
that defense.  Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex.
1999).  When, as here, the plaintiff
pleads the discovery rule as an exception to limitations, the defendant must
negate that exception as well.  Id.

                                               Application
of the Discovery Rule

Nolan
initially claims that the discovery rule does not apply to Lewis=s
claims because Lewis=s injuryCthe existence of a judgment against himCwas
not inherently undiscoverable.  See
S.V. v. R.V., 933 S.W.2d 1, 6 (noting that the discovery rule applies
only to cases in which the alleged wrongful act and resulting injury are
inherently undiscoverable).  However, the
Texas Supreme Court has clearly held that the discovery rule applies to
legal-malpractice actions.  Willis v.
Maverick, 760 S.W.2d 642, 646 (Tex. 1988). 
The court explained that imposition of the discovery rule in these cases
is justified by the special relationship between an attorney and client:

As a fiduciary, an attorney is obligated to render a full and
fair disclosure of facts material to the client=s representation.  The
client must feel free to rely on his attorney=s advice.  Facts which
might ordinarily require investigation likely may not excite suspicion where a
fiduciary relationship is involved.








Id. at 645 (citation omitted); see also Apex Towing,
41 S.W.3d at 120B21.  Thus, as the court
further explained in S.V., because of the fiduciary relationship between
attorney and client, an attorney=s misconduct is considered inherently undiscoverable.  See S.V., 933 S.W.2d at 8.

                                                            Constructive
Notice

When
a defendant in a legal-malpractice action moves for summary judgment based on
the affirmative defense of limitations, that party has the burden of (1)
showing when the claim accrued and (2) negating the discovery rule by proving
as a matter of law that there is no genuine issue of fact about when the
plaintiff discovered or, in the exercise of reasonable diligence, should have
discovered the facts establishing the cause of action.  Rea v. Cofer,
879 S.W.2d 224, 228 (Tex. App.CHouston [14th Dist.] 1994, no writ).  In his motion for summary judgment, Nolan
claims Lewis had constructive notice of the judgment based on (1) the entry of
judgment by the trial court and (2) five separate abstracts of judgments that
were filed in three different counties over a five-year period following the
entry of judgment.








Nolan
first argues that Lewis had constructive notice of the judgment itself, and
therefore limitations began to run from that date.  In support of this argument, Nolan relies on
the frequently cited proposition that a party to a lawsuit is charged by law
with notice of all orders and judgments rendered in that suit.  See, e.g., K&S Interests, Inc.
v. Tex. Am. Bank/Dallas, 749 S.W.2d 887, 892 (Tex. App.CDallas
1988, writ denied).  We note, however,
that courts do not blindly apply this rule in cases where notice is a contested
issue.   See Lindley v. Johnson,
936 S.W.2d 53, 56 (Tex. App.CTyler 1996, writ denied) (holding that the trial court abused
its discretion in striking a party=s experts based on failure to comply with a scheduling order
without conducting a hearing to determine whether the party received notice of
the order); Thomason v. Freberg, 588 S.W.2d
821, 825B26
(Tex. Civ. App.CCorpus Christi 1979, no writ) (stating the Atraditional
rule@
that a party is expected to keep informed of the proceedings and any judgment
in the trial court, but concluding that the issue of whether a party has been
diligent in keeping himself informed Ais for the finder of fact@).  Significantly, we
have found no case where a court has applied this rule in the context of a
dispute between a party and his lawyer involving the handling of the
lawsuit.  Lewis states in his affidavit
that Nolan told him Athere was no need for me to do anything else and if anything
came up or needed to be done [Nolan] would contact me.@  It is counterintuitive to suggest that an
attorney who makes such representations should then be protected from potential
malpractice claims by a legal presumption that the client had notice of the
final judgment against him.

Next,
Nolan claims the filing of abstracts of judgment constituted constructive
notice of the judgment as a matter of law. 
The first two abstracts were filed in Harris and Montgomery Counties in
August 1995.  Thus, Nolan argues that
Lewis discovered his claim as a matter of law no later than August 1995, making
his lawsuit untimely.  We disagree.

Under
the Texas Property Code, a properly recorded instrument Ais
notice to all persons of the existence of the instrument.@  Tex.
Prop. Code Ann. ' 13.002 (Vernon 1984). 
In Ojeda de Toca
v. Wise, 748 S.W.2d 449 (Tex. 1988), the Texas Supreme Court addressed the
question of whether fraud and DTPA claims were barred as a matter of law
because the defendants= alleged deception would have been discovered from an
examination of the county records.  The
court concluded that recording statutes such as section 13.002 serve a distinct
purpose:  to protect a good faith
purchaser Aagainst the evils of secret grants and secret liens.@  Id. at 450B51
(quoting 66 Am. Jur. 2d Records
and Recording Laws ' 48 (1973)).  The court
further noted that ATexas courts have never held that a purchaser=s
failure to search the deed records would bar his fraud action against the
seller.@  Id. at 451.  Accordingly, the court held that the
existence of a recorded instrument that would have disclosed the defendants=
deception did not relieve the defendants of liability for fraud or DTPA violations.  Id.








Applying
the rationale in Ojeda de Toca, at least two courts of appeals have concluded
that, despite the fact that a properly recorded instrument revealed the
existence of a plaintiff=s DTPA claim, summary judgment was not appropriate under the
DTPA=s
version of the discovery rule.[2]  See Johnson v. Prudential
Relocation Mgmt. Ltd. P=ship, 918 S.W.2d
68, 69B70
(Tex. App.CEastland 1996, writ denied); Lightfoot v. Weissgarber, 763 S.W.2d 624, 627 (Tex. App.CSan
Antonio 1989, writ denied).  We agree
with the reasoning of these cases and hold that the mere recording of abstracts
of judgment is insufficient to establish as a matter of law that Lewis
discovered or should have discovered the facts establishing his claim.

Nolan
relies heavily on the supreme court=s opinion in HECI Exploration Co. v. Neel,
982 S.W.2d 881 (Tex. 1998), to support his contention that the judgment itself
and the properly recorded abstracts provided Lewis with constructive notice as
a matter of law.  However, the issue in HECI
was whether the plaintiff=s injury was inherently undiscoverable and thus whether the
discovery rule applied.  In this case,
there is no question that the discovery rule applies.  See Willis, 760 S.W.2d at
646.  The issue in this case is whether
the entry of judgment and the filing of abstracts established constructive
notice as a matter of law to trigger the running of the limitations
period.  As the HECI court
specifically notes, Awhen the rationale for imposing constructive notice is lacking,
public records have not been held to create an irrebuttable
presumption of notice.@  HECI, 982 S.W.2d
at 887 (emphasis added).  Given the
fiduciary nature of the attorney-client relationship and the representations
allegedly made by Nolan, we conclude that the rationale for imposing
constructive notice in this case is lacking. 
Thus, we cannot say, as a matter of law, that Lewis knew or should have
known of the judgment entered against him more than two years before this
lawsuit was filed.[3]








                                                                 Actual
Notice

In his brief, Nolan also argues that a statement in the Jasper
County judgment that Lewis Aappeared pro se@ conclusively establishes that Lewis had actual notice of that
judgment on the day it was entered. 
However, Nolan did not raise this particular issueCwhether
Lewis had actual notice of the judgment, thus negating the discovery ruleCin
his motion for summary judgment.  The
only ground asserted in Nolan=s motion was that Lewis had constructive notice of the judgment
as a matter of law more than two years before suit was filed.  Although the issue of actual notice was
raised in a post-hearing brief, the motion for summary judgment must itself
expressly present the grounds on which it is made, and must stand or fall on
those grounds alone.  Sci.
Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 912 (Tex. 1997); see also
Swinehart v. Stubbeman,
McRae, Sealy, Laughlin, & Browder, Inc., 48
S.W.3d 865, 885B86 (Tex. App.CHouston [14th Dist.] 2001, pet. denied) (reversing a summary
judgment granted for lack of causation to the extent it was based on a
causation issue not raised in the motion). 
Because the summary judgment cannot be affirmed on a ground not raised
in the motion, we do not address whether Nolan conclusively established that
Lewis had actual notice of the judgment.

                                                               Conclusion

Because
Nolan did not negate the discovery rule as a matter of law, he was not entitled
to summary judgment based on limitations. 
Accordingly, we reverse the trial court=s judgment and remand for further proceedings consistent with
this opinion.

 

 

/s/        Leslie
Brock Yates

Justice

 

Judgment rendered and Opinion filed April
17, 2003.

Panel consists of Justices Yates,
Anderson, and Fowler. (Anderson, J. concurring in result only).











[1]  Although his
petition nominally sets forth other causes of action, Lewis concedes in his
brief that A[t]his is a legal malpractice case@ and that the two-year statute governs his
claims.  See Greathouse
v. McConnell, 982 S.W.2d 165, 172 (Tex. App.CHouston
[1st Dist.] 1998, pet. denied) (treating various claims alleging inadequate
legal representation as claims for legal malpractice, regardless of how they
were labeled).





[2]  A DTPA action
must be commenced within two years after the date the alleged deceptive act
occurred Aor within two years after the consumer discovered or
in the exercise of reasonable diligence should have discovered@ its occurrence. 
Tex. Bus. & Com. Code Ann.
' 17.565 (Vernon 2002).





[3]  We express no
opinion on the ultimate question of when Lewis should have discovered, in the
exercise of reasonable diligence, the existence of his claim against
Nolan.  We merely conclude that neither
the entry of final judgment nor the recording of an abstract of judgment is
sufficient, under these facts, to establish that date as a matter of law.