Rick ROMO, Appellant,

v.

Billy Jack GLASCOCK, Sr., et al., Appellees.

No. 20550.

Court of Civil Appeals of Texas, Dallas.

July 30, 1981.

Rehearing Denied Aug. 27, 1981.

William Andress, Jr., William Andress & Associates, Dallas, for appellant.

J. L. Shook, Newman, Shook & Newman, Dallas, for appellees.

Before AKIN, ROBERTSON and CARVER, JJ.

AKIN, Justice.

Rick Romo filed a minority shareholder's derivative action on behalf of American Family Life Assurance Company against Billy Jack Glascock, Sr. and Billy Jack Glascock, Jr. In his petition, Romo alleged that the Glascocks were wrongfully awarded a trip to Spain as a result of a sales contest. Thus, Romo concludes that the company was defrauded of the costs of the trip. The Glascocks filed motions for summary judgment on the ground of limitations, asserting that the trip terminated on October 16, 1974, that Romo was on the same trip, and that suit was not filed until November 30, 1978. No response was filed by Romo to the motion and summary judgment was granted defendants Glascock. Romo appeals. The question presented is whether defendants Glascock had the burden to establish as a matter of law when the statute of limitations began to run, or whether Romo, to defeat summary judgment, had

the burden to avoid limitations by responding to the motion for summary judgment. We hold that defendants had the burden to establish that there is no genuine issue of fact concerning when the statute of limitations began to run. Consequently, since the defendants failed to meet this burden, we reverse and remand.

The statute of limitations on a cause of action based upon fraud does not begin to run until the fraud is discovered, or until the plaintiff acquires such knowledge as would lead to its discovery if reasonable diligence were exercised. *Ruebeck v. Hunt*, 142 Tex. 167, 176 S.W.2d 738 (1943); *Ryan v. Collins*, 496 S.W.2d 205 (Tex.Civ.App.—Tyler 1973, writ ref'd n. r. e.). Thus, the statute of limitations for causes of action based upon fraud is governed by the discovery rule. *Kelley v. Rinkle*, 532 S.W.2d 947 (Tex.1976).

In *Weaver v. Witt*, 561 S.W.2d 792, 793–94 (Tex.1977) our supreme court stated, "The [discovery] rule is not a plea of confession and avoidance of the statute of limitations but is the test to be applied in determining when a plaintiff's cause of action accrued." *Id.* at 794. The court went on to hold that it is the movant's burden, in a case in which the discovery rule applies, to prove as a matter of law that there is no genuine issue of fact concerning the time when the plaintiff discovered or should have discovered the nature of the injury. Consequently, defendants Glascock had the burden of proving when the statute of limitations commenced running by proof of when the fraud was discovered or should have been discovered, which burden they failed to sustain. *Hays v. Hall*, 488 S.W.2d 412 (Tex.1972); *Gaddis v. Smith*, 417 S.W.2d 577, 579–81 (Tex.1967); *Kelly v. Dorsett*, 581 S.W.2d 512, 513–14 (Tex.Civ. App.—Dallas 1979, writ ref'd n. r. e.).

The Glascocks' summary judgment evidence shows only that the trip took place more than four years prior to suit and that Romo was on the trip. This does not establish, however, as a matter of law, that Romo knew at that time, or reasonably

should have known, that the Glascocks were not entitled to the trip under the contest rules. Because defendants failed to establish by summary judgment evidence when the fraud was discovered or when it should have been discovered, summary judgment was improvidently granted.

■ As we noted in *Whatley v. National Bank of Commerce*, 555 S.W.2d 500, 503–04 (Tex.Civ.App.—Dallas 1977, no writ), the supreme court has distinguished between situations where the petition affirmatively shows that limitations has run and situations where the petition does not, as here, show that the statute has run. *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex. 1975); *Oram v. General American Oil Co. of Texas*, 513 S.W.2d 533, 534 (Tex.1974). Where the petition on its face shows that limitations has run, the burden on summary judgment is upon the non-movant to avoid limitations; but, as here, where the plaintiff's petition does not affirmatively establish when limitations commenced, the burden upon summary judgment is upon the movant, as a part of his affirmative defense of limitations, to establish when limitations commenced. *Whatley* at 503–05.

We recognize that recently the supreme court in *Smith v. Knight*, 608 S.W.2d 165 (Tex.1980) (per curiam), has indicated its approval of a ruling, in a different context, that the burden is on a plaintiff to plead and prove the "discovery rule" as an affirmative defense to, or avoidance of, an affirmative defense of limitations. The only authority cited by the court was *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979). In that case, however, the supreme court expressly stated, "We are not to be understood . . . as shifting the burden of proof that exists in summary judgment proceedings." *City of Houston v. Clear Creek Basin Authority* at 678. The supreme court in *Smith v. Knight, supra*, did not overrule, disagree with, or even mention its well-settled line of cases culminating in *Weaver v. Witt, supra*. Consequently, we do not believe that the supreme court intended to overrule by implication these prior decisions.

Reversed and remanded.