William M. LIGHTFOOT, James O. Matthews, Appellants,

v.

Eric WEISSGARBER, Appellee.

No. 04–88–00152–CV.

Court of Appeals of Texas, San Antonio.

Jan. 18, 1989.

Rehearing Denied Feb. 9, 1989.

Before BUTTS, REEVES and CARR, JJ.

## OPINION

BUTTS, Justice.

William M. Lightfoot and James O. Matthews appeal from a summary judgment. Plaintiffs in the court below, they sued Nance and Associates (formerly Royal Crest Homes, Inc.) in 1984 for breach of an earnest money contract. In 1987 they filed their amended original petition. Weissgarber became a defendant and party for the first time. Plaintiffs alleged breach of contract, fraud, violation of the Texas Deceptive Trade Practices Act, and conspiracy as to Nance. As to Weissgarber, the allegations against him were conspiracy and tortious interference with a contractual relationship, based on fraud and fraudulent concealment.

The trial court granted summary judgment in favor of Weissgarber and severed this cause of action.[1]

In *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984) the court set out the well established standards for review of summary judgment.

> Defendants moving for summary judgment must expressly present and conclusively prove all essential elements of their defense as a matter of law; there can be no genuine issues of material fact. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex. 1979); *Gibbs v. General Motors Corp.*, 450 S.W.2d 827 (Tex.1970). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movants will be taken as true. *Cowden v. Bell*, 157 Tex. 44, 46, 300 S.W.2d 286, 287 (1957). Every reasonable inference from the evidence must be indulged in favor of the non-movants and any doubts resolved in their favor. *Hudnall v. Tyler Bank &*

Leonard J. Gittinger, Jr., Gittinger & Gittinger, San Antonio, for appellants.

Richard P. Corrigan, San Antonio, Jerry T. Steed, Baucum & Steed, San Antonio, for appellee.

---

1. The cross-point by Weissgarber regarding jurisdiction to hear this appeal has been answered adversely in an earlier opinion issued by this court. The opinion issued as the result of a motion to dismiss for want of jurisdiction. We thus have no need to address the cross-point.

*Trust Co.,* 458 S.W.2d 183, 185 (Tex. 1970).

The summary judgment evidence shows that Matthews contracted in 1982 with Nance (formerly Royal Crest) to purchase a 60 foot wide strip of land (1.797 acres), which was burdened with several easements, for the sum of $2,500.00. The land adjoined a tract of land containing over four acres. The earnest money contract provided for a reversion of title in the event the adjoining four-plus acres had not been developed in a retail or multiple housing use within one year from the date of conveyance. The proposed deed, however, utilized the words, "had not begun development." The closing date was extended from March 1983 until April 5, 1983. On April 5, 1983, plaintiffs paid into escrow the purchase price for the subject property. Nance refused to close the transaction.

On June 7, 1983, Nance conveyed the subject easement property to Michael Baucum, Trustee. No beneficiary was named in the deed. On February 16, 1984, Baucum deeded the property to Weissgarber, Trustee. That deed was recorded on March 9, 1984.

In the meantime Weissgarber had acquired the adjoining large tract of 4.445 acres. He conveyed part of the large tract and part of the subject easement tract to a third party (not in this appeal). The conveyance of part of the easement property brought approximately $52,000.00. Later in 1984, Weissgarber conveyed the remainder of both tracts for "a substantial sum," according to plaintiffs' undisputed statement in the brief.

The summary judgment evidence shows that Weissgarber and Tom Rohde (not a party in this appeal) executed an indemnity contract on June 15, 1983, to indemnify Nance from any claims "arising out of that one certain Earnest Money Contract dated November 30, 1982, between James O. Matthews and Royal Crest Homes, Inc." The indemnity contract also specified that acceptance of the deed from Nance to the Trustee Baucum was subject to the contract.

The plaintiffs argue on appeal that it was error for the trial court to grant the summary judgment based on the affirmative defense of the two year statute of limitations. The first argument is that Weissgarber did not conclusively establish the elements of the affirmative defense of limitations as a matter of law. We agree.

■ The statute of limitations on a cause of action based upon fraud does not begin to run until the fraud is discovered, or until the plaintiff acquires such knowledge as would lead to its discovery if reasonable diligence were exercised. *Romo v. Glascock,* 620 S.W.2d 829, 830 (Tex.Civ.App.—Dallas 1981, no writ), *citing Ruebeck v. Hunt,* 142 Tex. 167, 176 S.W.2d 738 (1943); *Ryan v. Collins,* 496 S.W.2d 205 (Tex.Civ. App.—Tyler 1973, writ ref'd n.r.e.). The statute of limitations for causes of action based upon fraud is governed by the discovery rule. *See Kelley v. Rinkle,* 532 S.W.2d 947, 948 (Tex.1976).

This rule is explained by the supreme court in *Weaver v. Witt,* 561 S.W.2d 792, 793–94 (Tex.1977):

The [discovery] rule is not a plea of confession and avoidance of the statute of limitations but is the test to be applied in determining when a plaintiff's cause of action accrued.

*Id.* at 794. *Romo v. Glascock, supra* at 830.

■ It is the movant's burden, in a summary judgment case in which the discovery rule applies, to prove as a matter of law that there is no genuine issue of fact concerning the time when the plaintiff discovered or should have discovered the nature of the injury. *Romo v. Glascock,* 620 S.W. 2d at 830. In this case the defendant Weissgarber had the burden to show as a matter of law the commencement of the statute of limitations by proof of when the alleged fraud was discovered or should have been discovered. *See Mitchell v. Jones,* 694 S.W.2d 61, 63 (Tex.App.—Houston [14th Dist.] 1985, no writ); *Hays v. Hall,* 488 S.W.2d 412, 414 (Tex.1972); *Gaddis v. Smith,* 417 S.W.2d 577, 579–81 (Tex.1967).

Weissgarber argues that Baucum was his agent and when plaintiffs learned of the transfer to Baucum, this commenced

the running of the statute. Plaintiffs counter by saying the fact that Weissgarber was the unnamed beneficiary of the trust was a deliberate concealment of the real party in interest. Further, they maintain that the indemnity agreement was concealed from them. They state that they filed suit within two years of their discovery of the indemnity agreement. It is unrefuted that instrument was discovered in December 1986.

■ Weissgarber argues that the recording of the deed to him in March 1984 constituted notice to plaintiffs and began the limitations period. However, the recent case of *Ojeda De Toca v. Wise,* 748 S.W.2d 449, 451 (Tex.1988) indicates otherwise and reiterates that the "purpose of recording laws is to notify subsequent purchasers ... and not to give protection to [alleged] perpetrators of fraud." It therefore was not incumbent on the plaintiffs in this case to search the title records. The recording of the deed, of itself, would not operate to constitute notice to them of Weissgarber's title and begin the running of the statute of limitations.

■ A defense of limitations apparent from the pleadings will support a summary judgment. *See Zale v. Rosenbaum,* 520 S.W.2d 889, 891 (Tex.1975). In the present case the defense of limitations as to Weissgarber is not apparent from the plaintiffs' pleadings. Where the petition shows on its face that limitations has run, the burden on summary judgment is upon the non-movant to avoid limitations, but where this is not established, as in the present case, the burden is upon the movant, as part of the affirmative defense of limitations, to establish when limitations commenced. *Whatley v. National Bank of Commerce,* 555 S.W. 2d 500, 503–04 (Tex.Civ.App.—Dallas 1977, no writ).

■ The critical question here is whether the defendant Weissgarber's summary judgment proof met and overcame the plaintiffs' allegations in their response to the motion for summary judgment that the indemnity agreement was not produced pursuant to a discovery request in February 1985. Further, that plaintiffs first learned of Weissgarber's indemnity agreement to Nance when depositions were taken in December 1986. They allege this was their first knowledge of Weissgarber's ownership (obtaining the deed from Nance) in 1983, and this agreement showed his knowledge of the earnest money contract on the subject property between Nance and plaintiff Matthews.

Since application of the discovery rule is not a plea in avoidance (an affirmative defense), the defendant-movant must negate with summary judgment proof those allegations that the statute of limitations was tolled until December 1986 when the indemnity agreement was produced at the deposition of Nance. Stated otherwise, where, as here, the plaintiffs' petition does not affirmatively establish when limitations commenced, the burden upon summary judgment is upon the movant, as a part of his (the defendant's) affirmative defense of limitations, to establish when limitations commenced. By negating the plaintiffs' allegations of discovery in December 1986, the defendant-movant would successfully carry his burden of proof on summary judgment. *Compare Torres v. Western Casualty and Surety Co.,* 457 S.W.2d 50 (Tex.1970) ("good cause" for late filing of worker's compensation claim is not a plea in confession and avoidance, and defendant-movant must negate with summary judgment proof the plaintiff's allegations of good cause for the delay); *Romo v. Glascock, supra* (defendants failed to establish by summary judgment proof when the fraud was discovered by plaintiffs or when it should have been discovered.)

We have examined the summary judgment proof by defendant-movant and find that he has failed to sustain his burden to establish by summary judgment evidence that the alleged conspiracy and tortious interference was discovered or should have been discovered two years before plaintiffs sued Weissgarber.

In addition we find that plaintiffs-nonmovants sustained their burden to present summary judgment proof raising the fact issue of alleged fraudulent concealment by the defendant-movant of the indemnity

**628**

agreement from him to Nance. Fraudulent concealment, being an affirmative defense, must be raised by the plaintiffs-non-movants in the summary judgment proof. *See Zale Corp. v. Rosenbaum,* 520 S.W.2d at 891; *Nichols v. Smith,* 507 S.W.2d 518, 521 (Tex.1974); *"Moore" Burger Inc. v. Phillips Petroleum,* 492 S.W.2d 934, 936 (Tex. 1973); *Torres v. Western Casualty and Surety Co.,* 457 S.W.2d at 53.

We also note two affidavits presented by defendant-movant to overcome the allegations and summary judgment evidence of fraudulent concealment do not meet the strict requirements of TEX.R. CIV.P. 166a(e), which provides in part:

(e) Form of Affidavits; Further Testimony. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein....

\* \* \* \* \* \*

In this case, although two affidavits of witnesses began with the required statement that the affiants had personal knowledge of the facts, within the body of the affidavit another statement is made that "[b]ased upon my best recollection and belief, no documents of Nance and Associates, Inc., were withheld or excluded from production on February 6, 1985." Another statement within the body of the other affidavit was, "To the best of my knowledge and belief, no documents contained in the files of Nance and Associates, Inc., were withheld or excluded from the production of documents on February 6, 1985." Still another statement was, "To the best of knowledge and belief, the documents supplied to [the attorney], which were all the documents resulting from the search, did not contain the original or a copy of the Indemnification Agreement dated June 15, 1983, by and between R/W Properties, Inc., Eric Weissgarber, A.W. Rohde, III, and Nance & Associates, Inc." It is a long established rule in Texas that affidavits, in order to constitute summary judgment proof, must be sworn to on personal knowl-

edge and that those sworn to on best knowledge and belief are insufficient. The two affidavits do not positively and unqualifiedly represent the "facts" as disclosed in the affidavits to be true and within the personal knowledge of the affiants. *See Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex.1984). The affidavits with respect to the raised fact issue of alleged fraudulent concealment of the indemnity agreement are insufficient substantively to answer that affirmative defense. Defendant has not sustained his burden by merely proving the suit against Weissgarber was not filed within two years after the subject property was deeded to him.

We agree with the arguments that Weissgarber did not conclusively establish all elements of his affirmative defense of limitations as a matter of law and did not present summary judgment proof to overcome the fact issue of fraudulent concealment raised as an affirmative defense by plaintiffs. We therefore hold that the trial court erred in granting summary judgment.

We reverse the judgment and remand the case for further proceedings.