# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00429-CV

### Christopher N. Rad, Appellant

**v.**

### Brian Calbeck and Lisa Kay Calbeck, Appellees

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
### NO. D-1-GN-06-000133, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Christopher Rad sued Brian and Lisa Calbeck alleging various causes of action arising from the parties' former employment relationship and a subsequent public altercation.[1] The Calbecks filed a counterclaim for assault in connection with the altercation. The trial court granted summary judgment in favor of the Calbecks on all but two of Rad's causes of action. After a two-day jury trial, the jury found in favor of the Calbecks on Rad's two remaining causes of action and on the Calbecks' counterclaim, assessing punitive damages but no actual damages. The trial court rendered judgment on the verdict. Rad appeals from the trial court's summary judgment and the final judgment awarding punitive damages. For the reasons that follow, we reverse the trial court's award of punitive damages, render judgment that the Calbecks recover nothing on their claim for punitive damages, and affirm the judgment in all other respects.

---

[1] Rad also named additional defendants who are not parties to this appeal.

**FACTUAL AND PROCEDURAL BACKGROUND**

Rad owned and operated Austin Duraclean (ADC), a carpet and upholstery cleaning and water and fire damage restoration business that employed the Calbecks. After ADC laid off Brian Calbeck in February 2003, he formed a new company doing related work. Subsequently, business disputes arose between the parties concerning access to customers and jobs. In September 2004, the parties encountered each other at a public restaurant. A dispute ensued, after which Brian Calbeck filed a complaint with the police that resulted in charges against Rad for assault.[2]

Following the altercation, Rad filed this action alleging conspiracy, conversion, tortious inducement, breach of contract, business disparagement, tortious interference with existing and prospective contracts, assault, defamation, false imprisonment, and malicious prosecution. The Calbecks filed a counterclaim for assault. Nine months after the suit was initiated, the Calbecks filed a no-evidence motion for summary judgment, which the trial court granted as to all of Rad's causes of action except his claims for defamation and malicious prosecution. The Calbecks subsequently brought a traditional motion for summary judgment on those claims, which the trial court denied.

The case proceeded to trial on Rad's two remaining causes of action and the Calbecks' counterclaim for assault. After finding in favor of the Calbecks on all three claims, the jury awarded the Calbecks no actual damages for mental anguish and $750 in punitive damages on their counterclaim. The trial court rendered judgment on the jury's verdict, awarding the Calbecks $1641.75 in punitive damages, prejudgment interest, and costs. Rad filed a timely motion for new trial asserting a number of errors, including that "the Jury cannot award any punitive (exemplary)

_____

[2] The charges were subsequently dismissed at Brian Calbeck's request.

damages" if "Brian Calbeck suffered no compensable harm from the 'Assault.'" The motion was overruled by operation of law. This appeal followed.

## DISCUSSION

**Exclusion of Summary Judgment Evidence**

In his first issue, Rad contends that the trial court erred in excluding portions of his summary judgment evidence. We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005) (per curiam). A trial court abuses its discretion if it acts arbitrarily or unreasonably or without reference to any guiding rules and principles. *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002) (per curiam) (citing *Downer v. Aquamarine Operators, Inc.*, 791 S.W.2d 238, 241–42 (Tex. 1985)). We may not reverse simply because we disagree with the trial court's decision; rather we may reverse only if the trial court acted in an arbitrary or unreasonable manner. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991) (citing *Downer*, 791 S.W.2d at 242).

Rad first complains of the trial court's exclusion of six affidavits[3] on the ground that the affiants' testimony was based on "the best of [the affiants'] knowledge and recollection." It is well established, however, that statements "merely based on an affiant's 'best knowledge' constitute no evidence at all and are insufficient to raise a fact issue." *Price v. American Nat'l Ins. Co.*,

---

[3] Rad objects to the exclusion of exhibits G, H, I, J, P, and Q. The record reflects that exhibits G, J, and Q were not excluded. The record further reflects that the Calbecks did not assert an objection to exhibit P. However, the trial court's order on their objections purports to sustain their objection to exhibit P. Therefore, we limit our discussion to exhibits H, I, and P.

3

113 S.W.3d 424, 429–30 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (quoting *Hall v. Stephenson*, 919 S.W.2d 454, 466 (Tex. App.—Fort Worth 1996, writ denied)) (internal quotations omitted); *see Ryland Group v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996) (per curiam) (citing *Humphreys v. Caldwell*, 888 S.W.2d 469, 40 (Tex. 1994) for rule that affidavit testimony must be unequivocally based on personal knowledge) and *Lightfoot v. Weissgarber*, 763 S.W.2d 624, 628 (Tex. App.—San Antonio 1989, writ denied) for rule that testimony based on affiant's best knowledge and belief does not meet Rule 166a's strict requirements); *Roberts v. Davis*, 160 S.W.3d 256, 262–63 (Tex. App.—Texarkana 2005 (pet. denied) (statement that information was true and correct to best of affiant's knowledge was opinion and did not support summary judgment on basis of truth of statement); *Geiselman v. Cramer Fin. Group*, 965 S.W.2d 532, 537 (Tex. App.—Houston [14th Dist.] 1997, no writ) (affidavit stating testimony is made to best of affiant's knowledge is no evidence). Therefore, the trial court did not err in excluding affidavit testimony based on the affiants' "best knowledge and recollection."

Rad also asserts that the trial court erred in excluding as summary judgment evidence deposition testimony from another lawsuit. Rad offered as exhibit O the unauthenticated deposition testimony of Brian Calbeck as a witness in a lawsuit involving parties not part of this cause. As Rad points out, discovery documents from the same case do not need to be authenticated to serve as summary judgment proof. *See* Tex. R. Civ. P. 166a(d). However, unless they fall under this discovery documents exception, *see id.*, documents submitted as summary judgment evidence must be sworn or certified. *Id.* 166a(f). Therefore, although court records from other cases are acceptable summary judgment evidence, they must be certified or attested to under oath as authentic. *Gardner*

4

*v. Martin*, 345 S.W.2d 274, 276–77 (Tex. 1961); *Soefje v. Jones*, 270 S.W.3d 617, 626 (Tex. App.—San Antonio 2008, no pet.); *Old Republic Sur. Co. v. Bonham State Bank*, 172 S.W.3d 210, 219 n.4 (Tex. App.—Texarkana 2005, no pet.); *Mowbray v. Avery*, 76 S.W.3d 663, 689 & n.44 (Tex. App.—Corpus Christi 2002, pet. denied). We therefore conclude that the trial court did not err in excluding Brian Calbeck's unauthenticated deposition testimony from another case.

Further, even if we were to assume that the excluded evidence was admissible and the trial court erred in excluding it, Rad has failed to assert that the error was harmful. He has also failed to show that the erroneous exclusion probably resulted in an improper judgment and that the judgment turns on the particular evidence excluded. *See* Tex. R. App. P. 61.1; *Nissan Motor Co. v. Armstrong*, 145 S.W.3d 131, 144 (Tex. 2004); *Texas Dep't of Transp. v. Able*, 35. S.W.3d 608, 617 (Tex. 2000). We overrule Rad's first issue.

**Sufficiency of Summary Judgment Evidence**

In his second issue, Rad contends that the trial court erred in granting the Calbecks' no-evidence motion for summary judgment as to his business related claims because his summary judgment evidence constituted more than a scintilla of evidence.[4] *See* Tex. R. Civ. P. 166a(i). In reviewing a no-evidence summary judgment, we review the evidence in the light most favorable to the party against whom the summary judgment was rendered. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009). If the responding party presents more than a scintilla of probative evidence to raise a genuine issue of material fact, a trial court cannot properly grant a no-evidence summary judgment.

---

[4] Rad's business related claims include breach of contract, tortious inducement, tortious interference, conversion, and business disparagement.

*Id.* "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." *Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex. 2003) (quoting *King Ranch v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003)) (internal quotations omitted). More than a scintilla of evidence exists when it would allow reasonable and fair-minded people to reach differing conclusions. *Id.*

In support of this argument, Rad points us to exhibits G, H, I, J, P, Q, R, and S. We have already concluded that the trial court did not err in excluding exhibits H, I, and P, affidavit testimony based on the affiants' "best knowledge and recollection," and therefore those exhibits cannot constitute any summary judgment evidence. Further, even construed liberally, Rad's brief contains no assertion of error in the trial court's exclusion of exhibits R and S,[5] and Rad has therefore waived the argument that these excluded exhibits constitute summary judgment evidence. *See* Tex. R. App. P. 38.1(i).[6]

We turn, then, to whether exhibits G, J, and Q constitute more than a scintilla of evidence. Rad contends that exhibit G, the affidavit of Mark Sells, and Exhibit J, his own affidavit, constitute more than a scintilla of evidence that Brian Calbeck "stole" ADC jobs. However, even assuming that such a fact would constitute more than a scintilla of evidence of one or more of Rad's business causes of action, Sells's affidavit does not establish that fact. Sells simply states that he was familiar with a certain ADC job and that "[s]hortly after February 2003, Austin Duraclean suddenly

---

[5] Exhibits R and S consisted of ADC advertising materials and payroll records.

[6] A pro se litigant is held to the same standards as licensed attorneys and must comply with the applicable laws and rules of procedure. *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005). We are, however, obligated to construe the issues raised in Rad's brief liberally. *See* Tex. R. App. P. 38.9; *Anderson v. Gilbert*, 897 S.W.2d 783, 784 (Tex. 1995) (per curiam).

lost this job." At most, this statement creates only a mere surmise or suspicion that Calbeck "stole'"

the ADC job. *See id.* Nor does Rad's affidavit demonstrate that Calbeck "stole" any ADC jobs.

Rad testifies that Calbeck "used [his] access to proprietary information and company secrets to steal

. . . projects." This conclusory statement is not supported by any facts. To support summary

judgment, an affidavit must contain specific factual bases, admissible in evidence, upon which its

conclusions are based. *Ryland*, 924 S.W.2d at 122 (conclusory affidavits are not enough to raise fact

issues); *see also* Tex. R. Civ. P. 166a(f) (affidavits "shall set forth such facts as would be admissible

in evidence"). Consequently, the statement is not competent summary judgment evidence and

cannot constitute more than a scintilla of evidence in support of any of Rad's business causes of

action. *See id.*; *Forbes*, 124 S.W.3d at 172.[7]

Exhibit Q is a second affidavit of Mark Sells, in which Sells claims that Calbeck

made several false statements during his deposition. Rad asserts that Sells's affidavit constitutes

more than a scintilla of evidence of Brian Calbeck's "misstatements (perjurious) assertions"

regarding ADC business and projects. Although Rad fails to state which of his business causes of

action these statements supposedly support, we assume for the sake of this opinion that Rad offered

Sells's affidavit regarding Calbeck's "misstatements" in support of his claims for tortious

---

[7] Rad also asserts in his affidavit that Calbeck never returned the company laptop containing proprietary company information that he was given. Rad does not present any argument or authority for how this statement constitutes a scintilla of evidence or which of his theories it allegedly supports and has therefore waived this argument as to this statement. *See* Tex. R. App. P. 38.1(i); *Save Our Springs Alliance, Inc. v. City of Dripping Springs*, 304 S.W.3d 871, 885 (Tex. App.—Austin 2010, pet. denied). Even if Rad had not waived this argument, however, the mere statement of fact that Calbeck did not return a computer at best creates only a surmise or suspicion that he wrongfully exercised control over the computer or improperly used the proprietary information. *See Forbes, Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex. 2003).

7

inducement, tortious interference, and business disparagement. Even if Sells's testimony is accurate, however, it says nothing about Calback's intent and is no evidence of tortious inducement, tortious interference, or business disparagement. *See King Ranch*, 118 S.W.3d at 753 (witness's account of conversation, even if accurate, said nothing about defendant's intent and was no evidence of fraud). We overrule Rad's second issue.

**Timing of No-Evidence Motion for Summary Judgment**

In his third issue Rad complains that the trial court erred in granting the Calbecks' no-evidence motion for summary judgment because it was filed before the end of the discovery period. Rule 190.3 provides that the discovery period begins when the suit is filed and ends the earlier of thirty days before trial or nine months after the earlier of the date of the first oral deposition or the due date of the first response to written discovery. Tex. R. Civ. P. 190.3(b)(1)(B)(i) & (ii). Rule 166a(i) provides that a party may move for summary judgment without presenting evidence "after adequate time for discovery." Tex. R. Civ. P. 166a(i). The comment to Rule 166a states that "ordinarily a motion under paragraph (i) would be permitted after the [discovery] period but not before." Tex. R. Civ. P. 166a(i), Comment—1997.

Rad contends that a defendant may not move for summary judgment under Rule 166a(i) until after the deadline for completion of discovery set forth in Rule 190.3 and because the due date of the first response to discovery was March 15, 2006, the Calbecks could not file a no-evidence summary judgment before December 15, 2006. Consequently, Rad argues, the trial court erred in granting the Calbecks' motion, which was filed on October 17, 2006, and heard on November 9, 2006, before the end of the discovery period as provided by Rule 190.3.

8

Although ordinarily a no-evidence motion for summary judgment would not be permitted before the end of the discovery period, *see id.*, a party who contends that there has not been adequate time for discovery must file either an affidavit explaining the need for further discovery or a verified motion for continuance. *Tenneco, Inc. v. Enterprise Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996); *West v. SMG*, 318 S.W.3d 430, 433 (Tex. App.—Houston [1st Dist.] 2010, no pet.). Rad filed neither an affidavit nor a motion for continuance and has therefore waived this argument. *See Flores v. Flores*, 225 S.W.3d 651, 654–55 (Tex. App.—El Paso 2006, pet. denied).

Even if Rad had not waived this argument, however, he has failed to show that the trial court abused its discretion by hearing the no-evidence motion before the end of the discovery period. *See id.*; *Brown v. Brown*, 145 S.W.3d 745, 749 (Tex. App.—Dallas 2004, pet. denied) (party that did not request continuance or explain need for further discovery failed to show trial court abused its discretion in hearing no-evidence motion for summary judgment before end of discovery period). Rule 166a(i) does not set out a strict time frame for discovery but instead requires an "adequate amount of time for discovery." *See* Tex. R. Civ. P. 166a(i); *McInnis v. Mallia*, 261 S.W.3d 197, 202–03 (Tex. App.—Houston [14th Dist.] 2008, no pet.). At the time the Calbecks filed the motion, written discovery had been exchanged and depositions had been taken, and Rad made no showing of a need for additional discovery. We overrule Rad's third issue.

9

**Punitive Damages**

In his fourth issue, Rad contends that the trial court erred in awarding punitive damages in the absence of an award of actual damages.[8] It is well settled that the recovery of actual damages is a prerequisite to receiving exemplary damages. *See* Tex. Civ. Prac. & Rem. Code Ann. §41.004(a) (West 2008) (requiring award of damages other than nominal damages for award of exemplary damages); *Texas Builders v. Keller*, 928 S.W.2d 479, 482 (Tex. 1996) (per curiam); *Nabours v. Longview Sav. & Loan Ass'n*, 700 S.W.2d 901, 903 (Tex. 1985); *Wiese v. Pro Am Servs., Inc.*, 317 S.W.3d 857, 864 (Tex. App.—Houston [14th Dist.] 2010, no pet.). "As a matter of law, [the Calbecks] were not entitled to exemplary damages in the absence of an award of actual damages." *See John Paul Mitchell Sys. v. Randalls Food Mkts., Inc.*, 17 S.W.3d 721, 732 (Tex. App.—Austin 2000, pet. denied) (citing *Nabours*, 700 S.W.2d at 903). We sustain Rad's fourth issue.

## CONCLUSION

Accordingly, we reverse the trial court's award of punitive damages, render judgment that the Calbecks recover nothing on their claim for punitive damages, and affirm the judgment in all other respects.

---

[8] The Calbecks contend that Rad has not complained of the judgment but only of the jury's findings or impliedly of the jury charge and has waived this argument. However, we construe Rad's pleadings liberally, *see* Tex. R. App. P. 38.9; *Anderson*, 897 S.W.2d at 784, and conclude that Rad's complaint in his motion for new trial was sufficiently specific to preserve error, *see* Tex. R. Civ. P. 33.2(a); *Bushell v. Dean*, 803 S.W.3d 711, 712 (Tex. 1991) (per curiam op. on reh'g), and gave the trial court the opportunity to correct its legal error. *See In re B.L.D.*, 113 S.W.3d 340, 350 (Tex. 2003); *Wal-Mart Stores, Inc. v. McKenzie*, 997 S.W.2d 278, 280 (Tex.1999) (per curiam).

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Affirmed in part; Reversed and Rendered in part

Filed:   December 30, 2011