Linda Katherine FARMER, Appellant,

v.

BEN E. KEITH COMPANY, Appellee.

No. 2–93–216–CV.

Court of Appeals of Texas,
Fort Worth.

March 21, 1996.

---

Ken Wigginton, Ken Wigginton, P.C. & Associates, Wichita Falls, for appellant.

William L. Latham, Chris Medlenka, Mc-Donald Sanders, A Professional Corporation, Fort Worth, for appellee.

Before DAY, DAUPHINOT and HOLMAN, JJ.

## OPINION ON REMAND

DAUPHINOT, Justice.

In this breach of contract case, Appellant Linda Farmer claims that she is entitled to compensation for injuries she sustained while working at Ben E. Keith Company under a provision in the employees' handbook. Farmer originally sued Keith alleging both negligence and breach of contract. But after the trial court granted Keith's motion for partial summary judgment on the contract claim, Farmer amended her petition and abandoned the negligence claims. The trial court then denied Farmer's motion for re-hearing and abatement and entered a final judgment that Farmer take nothing from Keith. Farmer appealed the judgment and this court initially dismissed the appeal for want of jurisdiction.[1] In a June 15, 1995 opinion, the Supreme Court reversed the judgment and remanded the case back to this court for "consideration of Farmer's previously dismissed appeal."[2] On remand, we must determine whether the trial court erred in granting Keith summary judgment on the contract claim. Because we find as a matter of law that even if a contract did exist between the parties, Keith did not breach it, we affirm the judgment of the trial court.

## FACTS

Farmer began working for Keith in June of 1981. She was let go after working there for about a year, but was rehired on April 7, 1983 to work in the accounts payable department. When Farmer went back to work for Keith, she was given a copy of the "Ben E. Keith Company Employees Handbook." In Farmer's original petition, she alleges that she sustained a series of injuries while working for Keith. After a fall in October of 1989, Farmer was unable to return to work until September of 1990. At that point, Farmer was informed that there were no openings and was terminated. Keith, a non-subscriber to the Texas Workers' Compensation System, paid 75% of Farmer's salary and most of her medical bills during the period after the fall but before she was cleared to go back to work.

Farmer sued Keith under a breach of contract theory, not for wrongful termination, but rather, for Keith's failure to fully compensate her for the on-the-job injuries. Farmer alleged that the employees' handbook established a contract between her and Keith:

> The employees hand book provides for the conditions, regulations, rights, duties, obligations and benefits associated with Plaintiff's employment with Defendant AND is a contract.... Defendant has provided some weekly benefits and payment of some medical costs to Plaintiff; however full compensation to Plaintiff for her injuries has not been made.

Keith moved for summary judgment on Farmer's contract claim, asserting that (1) the employees' handbook alone does not constitute a contract; (2) if it is a contract, it is unenforceable because it creates no obligation on Keith, as payment of disability benefits are completely discretionary; and (3) if it is a contract, Keith performed all the terms. Along with its motion, Keith attached a copy of the employee handbook, deposition testimony from Farmer, and an affidavit by a Keith employee, Dave Hawkins.

---

1. *Farmer v. Ben E. Keith Co.,* 886 S.W.2d 492 (Tex.App.—Fort Worth 1994, writ granted).

2. *Farmer v. Ben E. Keith Co.,* 907 S.W.2d 495, 497 (Tex.1995).

In Farmer's response, she reasserted her position that Keith owed her money under the employees' handbook for her on-the-job injury. Citing provisions within the handbook, Farmer claimed continued entitlement to weekly benefits (75% of her average pay), entitlement to a lump sum settlement, and entitlement to payment of all of her medical bills by Keith. Farmer did not, however, attach any summary judgment evidence to her response.

The trial court granted Keith's motion for summary judgment on the contract claim without specifying upon what ground it was based. After abandoning her negligence claim, Farmer filed a motion for rehearing and abatement. Contained as exhibit "G" in the motion, Farmer attached her own affidavit. The trial court overruled Farmer's motion on July 19, 1993 and entered final judgment for Keith on August 16, 1993.

## STANDARD OF REVIEW IN SUMMARY JUDGMENT CASES

In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that movant is entitled to judgment as a matter of law.[3] The burden of proof is on the movant,[4] and all doubts about the existence of a genuine issue of a material fact are resolved against the movant.[5] Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant.[6]

In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true.[7] Evidence that favors the movant's position will not be considered unless it is uncontroverted.[8] If the uncontroverted evidence is from an interested witness, it does nothing more than raise a fact issue unless it is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted.[9]

Summary judgment may not be based on a weakness of the nonmovant's pleading or proof unless it establishes the absence of a right of action or an insurmountable bar to recovery.[10] A defendant is entitled to summary judgment if the summary judgment evidence establishes, as a matter of law, that at least one element of a plaintiff's cause of action cannot be established.[11] To accomplish this, the defendant-movant must present summary judgment evidence that negates an element of the plaintiff's claim. Once this evidence is presented, the burden shifts to the plaintiff to put on competent controverting evidence that proves the existence of a genuine issue of material fact with regard to the element challenged by the defendant.[12]

As in the case before us, when a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be

3. See Tex.R.Civ.P. 166a(c); *Cate v. Dover Corp.*, 790 S.W.2d 559, 562 (Tex.1990); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979).

4. *Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301–02 (Tex.1990).

5. *Cate*, 790 S.W.2d at 562; *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965).

6. *Great Am.*, 391 S.W.2d at 47.

7. *Harwell v. State Farm Mut. Auto Ins. Co.*, 896 S.W.2d 170, 173 (Tex.1995); *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984).

8. *Great Am.*, 391 S.W.2d at 47.

9. See Tex.R.Civ.P. 166a(c).

10. *State v. Durham*, 860 S.W.2d 63, 68 (Tex. 1993).

11. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex.1995); *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 537 (Tex.1975).

12. *Centeq Realty*, 899 S.W.2d at 197.

affirmed on appeal if any of the theories advanced are meritorious.[13]

## POINTS OF ERROR

In four points of error, Farmer complains generally that the trial court erred in granting Keith's motion for summary judgment and in denying her motion for rehearing and abatement. In point of error one, Farmer asserts that Keith's summary judgment evidence was insufficient to meet its burden. Farmer next, in point of error two, contends that the trial court erred in denying her motion for rehearing or abatement because she controverted Keith's summary judgment evidence. In point of error three, Farmer argues that error occurred because the trial court's ruling granting the summary judgment is "tantamount to a finding that the handbook in question cannot form the basis of a contractual relationship between the parties based on the submitted facts...." Finally, in her fourth point of error, Farmer argues that the trial court's ruling is "tantamount to a finding that in no instance may the handbook in question form the basis of a contractual relationship between an employer and employee, contrary to law." We find that the trial court properly granted Keith's motion for summary judgment and, consequently, overrule Farmer's points of error.

## ANALYSIS OF THE EVIDENCE

### 1. Keith's Summary Judgment Evidence

 Summary judgment evidence, whether offered through depositions, affidavits, or interrogatories, must be presented in a form that would be admissible in trial.[14] Neither the motion for summary judgment [15] nor the response,[16] even if sworn,[17] is ever proper summary judgment proof. Farmer argues that the handbook and the excerpts from her deposition submitted by Keith may not support the judgment because within Keith's motion for summary judgment Keith recited "self-serving statements of evidence." Farmer characterizes the parts of Keith's motion discussing the handbook and deposition testimony as "constitut[ing] legal conclusions, and not statements of fact." Farmer also contends that the affidavit of Hawkins is not valid summary judgment evidence because he was an interested witness and his "averments are self-serving, and constitute statements of intent and legal conclusions."

 We disagree with Farmer's conclusions. Farmer never asserts a cognizable complaint against the handbook and deposition testimony. Instead, her complaint seems to be directed at the motion, and not at the actual summary judgment evidence. We agree that Keith's motion is not evidence, but that does not deny probative value to the evidence Keith did present. We also agree that Hawkins's affidavit is that of an interested witness. Rule 166a(c) of the Texas Rules of Civil Procedure, however, states that a summary judgment may be based on "uncontroverted testimonial evidence of an interested witness ... if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." [18] We find that Hawkins's testimony meets the above requirements. It clearly laid out Hawkins's involvement with the payment of employee injury benefits and the role the handbook plays in helping to get new employees better acquainted with Keith and its policies. His affidavit statements are, also, consistent with the language in the handbook itself. Importantly, Farmer was free to controvert Hawkins's affidavit by offering her own summary judgment evidence asserting that there

---

13. *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex. 1989).

14. *Hidalgo v. Surety Sav. & Loan Ass'n,* 462 S.W.2d 540, 545 (Tex.1971).

15. *Id.*

16. *See Nicholson v. Memorial Hosp. Sys.,* 722 S.W.2d 746, 749 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.).

17. *See Keenan v. Gibraltar Sav. Ass'n,* 754 S.W.2d 392, 394 (Tex.App.—Houston [14th Dist.] 1988, no writ).

18. Tex.R.Civ.P. 166a(c).

was an agreement between the parties, yet she failed to do so.[19]

### 2. Farmer's Controverting Evidence

 Farmer attached her own affidavit to her motion for rehearing and abatement. This motion was filed on April 20, 1993, more than four months after the trial court had granted summary judgment on the contract claim. Rule 166a(c) states that "[e]xcept on leave of court ... the adverse party, not later than seven days prior to the day of hearing may file and serve affidavits or other written response."[20] As the rule makes clear, the court has discretion to accept late-filed evidence.[21] However, if the court allows the late filing, it must affirmatively indicate in the record acceptance of the late filing.[22] If nothing in the record indicates that leave was obtained, we presume that the trial court did not consider the evidence.[23]

 In the case before us, there is nothing in the record indicating that the trial court ever considered the late-filed affidavit. Therefore, although it does appear as part of the appellate transcript, Farmer's affidavit is not summary judgment evidence and we will not consider it.[24] Farmer, then, did not properly present any controverting evidence.

### THE HANDBOOK

 Farmer pled in her original petition that Keith's employees' handbook constituted a contract between her and Keith. She did not allege that any other agreements or representations were made by Keith, but rather, relied solely on the handbook for her contention that Keith was under a contractual obligation to pay for her on-the-job injuries.

After examining the record, we *cannot* say that as a matter of law the handbook *does not* constitute a contract between Keith and Farmer. Generally, Texas courts have held that company handbooks by themselves, absent some other agreement or representation, do not form an express employment contract.[25] Most of these cases deal with wrongful termination suits, where the plaintiff is contending that the company handbook has modified the employment-at-will rule. In these cases, which are very analogous to the case before us, the courts have held that in order for the at-will relationship to be modified, the handbook or manual must "specifically and expressly" limit the employment relationship.[26] Stated another way, the handbook must modify the employer's rights "in a meaningful and special way."[27] Many of these cases, where the courts ultimately hold that a handbook does not constitute a contract, also rely on clauses written into the handbooks, such as disclaimers,[28] waivers,[29] or clauses allowing for unilateral amendments or withdrawal.[30]

**19.** Hawkins's statement that "[t]he Employees Handbook is not and has never been an employment contract" is an inadmissible legal conclusion and, thus, we neither consider nor rely on that statement in our analysis of this case.

**20.** Tex.R.Civ.P. 166a(c).

**21.** *See Beavers v. Goose Creek Consol. I.S.D.,* 884 S.W.2d 932, 935 (Tex.App.—Waco 1994, writ denied); *Wales v. Williford,* 745 S.W.2d 455, 457 (Tex.App.—Beaumont 1988, writ denied).

**22.** *Goswami v. Metropolitan Sav. & Loan Ass'n.,* 751 S.W.2d 487, 490 (Tex.1988).

**23.** *See id.*

**24.** *See Waddy v. City of Houston,* 834 S.W.2d 97, 101 (Tex.App.—Houston [1st Dist.] 1992, writ denied).

**25.** *See Day & Zimmermann, Inc. v. Hatridge,* 831 S.W.2d 65, 69 (Tex.App.—Texarkana 1992, writ denied); *Reynolds Mfg. Co. v. Mendoza,* 644

S.W.2d 536, 539 (Tex.App.—Corpus Christi 1982, no writ).

**26.** *Figueroa v. West,* 902 S.W.2d 701, 705 (Tex. App.—El Paso 1995, no writ); *McAlister v. Medina Elec. Coop., Inc.,* 830 S.W.2d 659, 664 (Tex. App.—San Antonio 1992, writ denied).

**27.** *Whitehead v. Univ. of Texas Health Science Center at San Antonio,* 854 S.W.2d 175, 181 (Tex.App.—San Antonio 1993, no writ); *McAlister,* 830 S.W.2d at 664.

**28.** *See Wilhite v. H.E. Butt Co.,* 812 S.W.2d 1, 6 (Tex.App.—Corpus Christi 1991, no writ).

**29.** *Berry v. Doctor's Health Facilities,* 715 S.W.2d 60, 61–62 (Tex.App.—Dallas 1986, no writ).

**30.** *Day & Zimmermann, Inc.,* 831 S.W.2d at 69–70; *Hicks v. Baylor Univ. Medical Center,* 789 S.W.2d 299, 302 (Tex.App.—Dallas 1990, writ denied).

The handbook before us does not contain a disclaimer, a waiver, or any right of unilateral amendment. Instead, it contains a page for the employee to sign, acknowledging that she has received a copy and reciting the following statement:

I have carefully read the statements of policy, rules and regulations set forth in this handbook, and I understand that *they are a condition of my employment.* [Emphasis added.]

The section of the handbook entitled "Policy Regarding on the Job Injury," comprising the subject matter of this suit, specifically opts Keith out of Workers' Compensation Insurance. It then, in some detail, sets up Keith's system for handling on-the-job injuries.

Unfortunately for Farmer, even assuming that a contract was formed, we find that Keith did not breach it and, thus, was entitled to summary judgment on that ground. Farmer claimed that under the handbook she was entitled to the following benefits from Keith: (1) all unpaid medical bills; (2) all weekly benefits checks not yet received; and (3) a lump sum payment.

The handbook reveals, however, that payment of benefits checks and payment of a lump sum are discretionary. With regard to the benefits checks, the handbook states, "[c]ontinuation of disability pay will remain with the option of the Company." Farmer's deposition testimony reflects that she did, in fact, receive disability benefits checks, 75% of her normal pay as established by the handbook, from October 1989 to September 1990, when she was cleared to return to work. Moreover, in his uncontroverted affidavit, Keith employee Hawkins states that he "determine[s] whether a lump sum amount will be tendered to an employee, and if so, how much." This statement is consistent with the provision in the handbook which states that Keith will offer a lump sum payment "based on the merits of the case." Thus, based on the uncontroverted summary judgment evidence and the handbook, Keith has established its compliance with the handbook.

██ Keith further complied with its handbook in regard to paying Farmer's medical expenses. The handbook initially states that "[t]he Company will pay all medical expenses pertaining to your injury when treatment is performed by the Company authorized doctors." The handbook also contains a clause which terminates the payment of medical expenses if an employee obtains "outside representation." The record demonstrates that Keith did pay Farmer's medical bills, yet that Keith quit paying them once Farmer retained an attorney to represent her. Farmer does not argue on appeal that the terms of the contract are unconscionable or unenforceable, merely that they have not been complied with.

We find just the opposite: that Keith did comply with the handbook. Thus, we affirm the judgment of the trial court because, even assuming that a contract did exist between these parties, the uncontroverted summary judgment evidence established as a matter of law that Keith did not breach the terms of the handbook. Appellant's points of error are overruled.