ACCEPTED
03-14-00331-CV
3937092
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/28/2015 3:52:26 PM
JEFFREY D. KYLE
CLERK

# No. 03-14-00331-CV

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/29/2015 11:28:26 AM
JEFFREY D. KYLE
Clerk

## Randolph A. Lopez, *appellant*

## v.

## Cox Texas Newspapers, L.P., *appellee*

On Appeal from County Court at Law No. 2
Travis County, Texas

Tr. Ct. No. C-1-CV-13-002354

# APPELLEE'S BRIEF

Timothy A. Hootman, SBN 09965450
2402 Pease St
Houston, TX 77003
713.247.9548
713.583.9523 (f)
Email: thootman2000@yahoo.com

Bill Malone, Jr., SBN 12877500
8650 Spicewood Springs, No 145-598
Austin, TX 78759
512.346.9600

ATTORNEYS FOR APPELLEE, COX TEXAS
NEWSPAPERS, L.P.

**ORAL ARGUMENT REQUESTED**
(only if granted to appellant)

1

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................... 2

INDEX OF AUTHORITIES ..................................................................... 3

STATEMENT OF FACTS ....................................................................... 5

SUMMARY OF ARGUMENT .................................................................. 10

ARGUMENT AND AUTHORITIES ............................................................ 11

    *1. Introduction* ........................................................................... 11

    *2.* **Craddock** *is not the standard of review* ................................... 12

    *3. Conscious indifference* ........................................................... 14

    *4. Meritorious defense—"did not sign contract"* ........................ 18

    *5. Meritorious defense—"attorney's fees"* ................................. 20

    *6. "No harm or injury"* ............................................................. 22

PRAYER ............................................................................................ 24

CERTIFICATE OF WORD COUNT ......................................................... 25

CERTIFICATE OF SERVICE ................................................................. 25

# INDEX OF AUTHORITIES

***Texas cases:***

*Carlin v. 3V, Inc.*, 928 S.W.2d 291 (Tex. App.—Houston [14th Dist.] 1996, no pet.)..................................................................................................................14

*Carpenter v. Cimarron Hydorcarbons Corp.*, 98 S.W.3d 682 (Tex. 2002)..........12

*City of Keller v. Wilson*, 168 S.W.3d 802 (Tex. 2005)...........................................19

*Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939)........................................................................................................ *passim*

*Farmer v. Ben E. Keith Co.*, 919 S.W.2d 171 (Tex. App.—Fort Worth 1996, no writ).......................................................................................................... 16

*Gumble v. Grand Homes 2000, L.P.*, 334 S.W.3d 1 (Tex. App.—Dallas 2007, no pet.)..................................................................................................................... 21

*Holley v. Holley*, 864 S.W.2d 703 (Tex. App.—Houston [1st Dist.] 1993, writ denied)...................................................................................................................14

*Iliff v. Iliff*, 339 S.W.3d 74 (Tex. 2011)....................................................................13

*In re L.M.I.*, 119 S.W.3d 707 (Tex. 2003)...............................................................21

*Lasikplus v. Mattioli*, 418 S.W.3d 210 (Tex. App.—Houston [14th Dist.] 2013, no pet.)..................................................................................................................14

*Lewis v. Nolan*, 105 S.W.3d 185 (Tex. App.—Houston [14th Dist.] 2003, pet. denied)................................................................................................................. 21

*Little v. Needham*, 236 S.W.3d 328 (Tex. App.—Houston [1st Dist.] 2007, no pet.)..................................................................................................................21

*Little v. Tex. Dep't of Criminal Justice*, 148 S.W.3d 374 (Tex. 2004)................... 19

*Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844 (Tex. 2009)............................................................................................................... 19

*Neimes v. Ta*, 985 S.W.2d 132 (Tex. App.—San Antonio 1998, pet. dism'd by agr.)...................................................................................................................16

*O'Connell v. O'Connell*, 843 S.W.2d 212 (Tex. App.—Texarkana 1992, no writ)................................................................................................................ 22

*Perez v. Embree Const. Group, Inc.*, 228 S.W.3d 875 (Tex. App.—Austin 2007, pet. denied)........................................................................................................13

*State v. H.M. Huber Corp.*, 145 Tex. 517, 199 S.W.2d 501 (1947)..........................21

*Spectrum Inc. v. Martinez*, 941 S.W.2d 910 (Tex. 1997)........................................18

*Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211 (Tex. 2002)......................................19

*Tucker v. Brackett*, 28 Tex. 336 (1866) ............................................... 21

*Waddy v. City of Houston*, 834 S.W.2d 97 (Tex. App.—Houston [1st Dist.] 1992, writ denied)..................................................................................17

*Walker v. Gutierrez*, 111 S.W.3d 56 (Tex. 2003)..................................... 13

*Walker v. Packer*, 827 S.W.2d 833 (Tex. 1992) (orig. proceeding)........................13

***Federal cases:***

*Crawford v. Falcon Drilling Co., Inc.*, 131 F.3d 1120 (5th Cir. 1997)..................... 21

*United States v. Atkinson*, 297 U.S. 157, 56 S. Ct. 391 (1936)................................ 21

***Rules:***

TEX. R. APP. P. 33.1(a)(1)............................................................................ 21

TEX. R. APP. P. 38.9....................................................................................19

TEX. R. CIV. P. 166a(c)..........................................................12, 16, 19,21

# STATEMENT OF FACTS

Appellant, Randolph A. Lopez d/b/a Brown Hand Center and d/b/a Brown Medical Center, is called "Lopez" in this brief. Appellee, Cox Texas Newspapers, L.P. d/b/a Austin American Statesman, is called "Cox."

\* \* \*

On March 12, 2013, Cox sued Michael Glyn Brown and Lopez on a sworn account for failing to pay for advertising ran in Cox's newspaper—the Austin American Statesman—for the year of 2012 (CR 5-11). Cox alleged as theories of recovery breach of contract, unjust enrichment, and fraud (CR 5-11). Lopez filed a general denial (CR 12).

On November 19, 2013, Cox filed a notice of nonsuit as to defendant Michael Glyn Brown, leaving Lopez as the only remaining defendant (CR 14-15).

On February 12, 2014, Cox filed a traditional motion for summary judgment (CR 16-41). Attached to the motion is Lopez's response to requests for admission, wherein he admits that:

> 1.  On or before December 1, 2012, Plaintiff delivered to Defendant the goods, wares, merchandise, or services referred to in the invoice(s) and/or statement(s)

5

labeled "Exhibit A" and attached to Plaintiff's Original Petition filed in this suit.

2. Defendant accepted the goods, wares, merchandise, or services delivered by Plaintiff and referred to in request for admission number 1.

3. The goods, wares, merchandise, or services referred to in request for admission number 1 were delivered to Defendant by Plaintiff in the quantities shown in the invoices referred to in "Exhibit A" attached to Plaintiff's Original Petition.

4. The prices charged for the goods, wares, merchandise, or services referred to in request for admission number 1 were the prices agreed to by Plaintiff and Defendant.

5. The balance shown on the invoices referred to in request for admission number 1 represents the value of the goods, merchandise, or services delivered to Defendant by Plaintiff.

\* \* \*

7. The principle amount due and owing to Plaintiff from Defendant for the goods, wares, merchandise, or services referred to in request for admission number 1 was $37, 415.00 as of December 1, 2012.

8. Except for any credits or payments shown on "Exhibit A" attached to Plaintiff's Original Petition, Defendant has failed to pay the amount due Plaintiff on the account that is the subject of this suit.

9. On or before 30 days before the filing of this lawsuit, Plaintiff presented to Defendant a claim for payment of the outstanding balance referred to in request for admission number 7.

10. The goods, wares, merchandise, or services received by Defendant from Plaintiff conform to all representations and warranties made, if any.

11. All sums due on the account were payable in Travis County, Texas.

(CR 18-21).

6

On February 18, 2014, Lopez filed a suggestion of bankruptcy stating that on October 15, 2013, the "Brown Medical Center" had filed a petition for voluntary bankruptcy (CR 42-43). However, the appellate record indicates that Michael Glynn Brown and Brown Medical Center, Inc. filed petitions for bankruptcy[1] (CR 58). Thus, there was no bankruptcy stay affecting the case because the two parties to the bankruptcy cases were not parties to this case. *See* 11 U.S.C. § 362. Lopez's suggestion of bankruptcy hints that "Randolph A. Lopez d/b/a Brown Hand Center and d/b/a Brown Medical Center" filed for bankruptcy, but that is clearly not the case (CR 46).

Even though he was aware of the motion for summary judgment hearing, Lopez chose not to file a response (CR 46).

On March 23, 2014, the trial court granted Cox's motion for summary judgment and entered a final judgment against Lopez in the amount of $37,415.00 plus $8,100.09 in pre-judgment interest, $12,471.67 in attorney fees, post-judgment interest, and appellate attorney's fees (CR 45).

---

[1] The two cases are more particularly described as Case Number 13-35892-H4-11 and Case Number 13-36405-H4-11, and were pending in the United States Bankruptcy Court for the Southern District of Texas. Moreover, the two filings were being jointly administered under Case Number 13-35892 (CR 58).

On May 21, 2014, Lopez filed a "Motion to Extend Postjudgment Deadlines" because he "nor his attorney received notification until twenty days after the final judgment was signed" (CR 83-84). On that same day, Lopez filed a "Motion for Reconsideration and New Trial" wherein he argues (1) that a suggestion of bankruptcy filed by "Brown Medical Center" stayed the case *even though neither Lopez nor Brown Medical Center, Inc. were a party to the bankruptcy case*, (2) that there is "a genuine issue of material fact as to who contracted with Cox to obtain advertising services for Dr. Lopez," (3) that because Cox lacks standing to pursue the claim against Lopez he has a meritorious defense,[2] and (4) that Lopez's failure to appear was the result of mistake or accident—namely, although he was aware of the motion for summary judgment hearing, he filed a suggestion of bankruptcy instead of a response to the motion for summary judgment believing the case would be stayed (CR 46-54). In support of the motion for new trial Lopez attached the affidavit of his secretary, Elizabeth Deleon, who stated in part:

> I assisted with the filing of all of the pleadings in this matter, including the Suggestion of Bankruptcy filed on February 18, 2014. After filing the Suggestion of Bankruptcy, I

[2] Lopez does not pursue the standing argument on appeal.

8

contacted the Court to have the hearing on Plaintiff's Motion for Summary Judgment removed from the calendar. I was advised that the proceeding should not go forward, and that Plaintiff's counsel should call the court and cancel said hearing if they were in receipt of the Suggestion of Bankruptcy. I was also told that the Judge would not sign an order on Plaintiff's motion as a suggestion of bankruptcy was on file.

I attempted to contact Mr. Bill Malone by telephone after my conversation with the Court. I also emailed and called Plaintiff's counsel, Mr. Bill Malone, several times, to no avail. Attached [is a copy of the] email I sent to Mr. Malone on March 18, 2014 prior to the hearing, in which I inquired as to whether or not he had removed the hearing from the Court's docket. I received no response (CR 108-109).

On July 1, 2014, the trial court granted the motion to extend the post-judgment deadlines stating "Defendant did not receive actual notice of the Court's March 18, 2014 Order until April 24, 2014"[3] (Sup. CR 4).

The motion for new trial was denied by operation of law. *See* TEX. R. CIV. P. 329b(c).

---

[3] There is no order dated March 18, 2014, but the order granting the motion for summary judgment is signed March 28, 2014, and is filed stamped March 18, 2014 (CR 45).

9

# SUMMARY OF ARGUMENT

According to the supreme court's opinion in *Carpenter v. Cimarron Hydorcarbons Corporation*, the *Craddock* default standard does not apply in this case because Lopez had notice of the motion for summary judgment hearing.

When the trial court denied Lopez's motion for new trial it was confronted with the following circumstances: (1) Lopez stated that he had intentionally not filed a response to the motion for summary judgment because he "believed" the suggestion of bankruptcy that he filed would stay the proceedings; (2) the suggestion of bankruptcy and motion for new trial filed by Lopez misleadingly suggests that "Randolph A. Lopez d/b/a Brown Hand Center and d/b/a Brown Medical Center" had filed for bankruptcy when that is not the case; and (3) Lopez's argument to the trial court that it was **Cox's** fault for Lopez's failure to respond reflects badly on Lopez's credibility. Under these circumstances, it was not an abuse of discretion for the trial court to have denied Lopez's motion for new trial.

# ARGUMENT AND AUTHORITIES

## 1.

## Introduction

Lopez argues on appeal that the trial court abused its discretion in denying his motion for new trial because, as a matter of law, his failure to timely respond to Cox's motion for summary judgment is excused under the *Craddock* default-judgment standard.[4]   More specifically, Lopez argues in subparts *a*, *b*, *c*, and *d* of his brief that (a) under *Craddock* his failure to respond to Cox's motion for summary judgment was not the result of conscious indifference; (b) and (c) under *Craddock* he has two meritorious defenses—he did not sign the contract in question and on remand the trial court may award less attorney's fees under a segregation theory; and (d) under *Craddock* Cox will not be harmed by the grant of a new trial.  These arguments are discussed separately below.

---

[4]   "A default judgment should be set aside and a new trial ordered in any case in which the failure of [the] defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or accident, provided the motion for new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff."  *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939).

## 2.

### *Craddock* is not the standard of review

Lopez argues that the *Craddock* default standard applies in the context of the default summary judgment proceeding in this case. *See* Aplt. Br. at 8-10. However, *Craddock* clearly does not apply and the circumstances of this case are squarely controlled by the holding in *Carpenter v. Cimarron Hydorcarbons Corp.*, 98 S.W.3d 682 (Tex. 2002). In *Carpenter*, the supreme court held that "*Craddock* does not apply to a motion for new trial after summary judgment is granted on a motion to which the nonmovant failed to timely respond when the respondent had notice of the hearing and an opportunity to employ the means our civil procedure rules make available to alter the deadlines Rule 166a imposes." *Id.* at 683-84 (emphasis added). Thus, at least when the nonmovant had notice prior to a hearing, *Craddock* does not apply to a motion for new trial following a default summary judgment. *Id.*

Here, Lopez admits that he had notice of the hearing of Cox's motion for summary judgment and intentionally chose to file a suggestion of bankruptcy instead of a response to the motion for summary judgment (CR 46-54; 108-109). Therefore, the trial court's

12

ruling on Lopez's motion for new trial is subject to an abuse of discretion standard of review, not the *Craddock* default standard. *See* Tex. R. Civ. P. 320 ("New trials may be granted and judgment set aside for good cause[.]"); *Perez v. Embree Const. Group, Inc.,* 228 S.W.3d 875, 885 (Tex. App.—Austin 2007, pet. denied) ("The resolution of a motion for new trial is left up to the trial court's discretion.").

Under the abuse of discretion standard of review, a trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to guiding rules or principles, or by failing to analyze or apply the law correctly. *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011). Moreover, a trial court has no discretion in determining what the law is or applying the law to the facts and a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992 (orig. proceeding). An abuse of discretion has not occurred merely because an appellate would have decided the matter differently. *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex. 2003). In making an abuse of discretion determination, the appellate court views the evidence in the light most favorable to the trial court's ruling and indulges every

legal presumption in favor of the judgment. *Lasikplus v. Mattioli*, 418 S.W.3d 210, 216 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ("When consideration of evidence is required, we view it in the light most favorable to the trial court's order, indulging every reasonable inference in favor of the trial court's determination."); *Carlin v. 3V, Inc.*, 928 S.W.2d 291, 294 (Tex. App.—Houston [14th Dist.] 1996, no pet.) ("[W]here no findings of fact are given, it will be presumed the trial court made all findings necessary to support the interlocutory order."); *Holley v. Holley*, 864 S.W.2d 703, 706 (Tex. App.—Houston [1st Dist.] 1993, writ denied).

Thus, this Court should uphold the trial court's denial of Lopez's motion for new trial if the ruling was not arbitrary or unreasonable, was guided by the proper rules and principles, and is supported by evidence as viewed in the light most favorable to the ruling.

### 3.

### Conscious indifference

In Part B, a of appellant's brief, Lopez argues that under *Craddock* his failure to respond to Cox's motion for summary judgment was not the result of conscious indifference. *See* Aplt. Br. at

14

12-15. Again, the *Craddock* default standard is not the correct standard of review, but rather the abuse of discretion standard should be applied.

Lopez's reason for not filing a response is that his lawyer believed the suggestion of bankruptcy would stay the case thereby eliminating the need to respond to the motion for summary judgment (CR 46*). See also* Aplt. Br. at 4. Lopez also argued to the trial court (but not on appeal) that his failure to respond was somehow Cox's fault; he stated in this regard in his motion for new trial:

> Dr. Lopez's failure to respond and appear at the hearing on Plaintiff's Motion for Summary Judgment was not intentional or the result of conscious indifference. Dr. Lopez timely filed a suggestion of bankruptcy with [the trial court] ... which he mistakenly believed stayed all pending matters in [the trial court]. Plaintiff's counsel did not inform Dr. Lopez that he intended to proceed, nor did he return any of Dr. Lopez's phone calls. After lying in wait in what can only be described as an effort to sandbag Dr. Lopez, Plaintiff's counsel waited more than thirty days to provide Dr. Lopez with post-judgment discovery so as not to alert Dr. Lopez of the entry of the March 18 judgment (CR 46-47).

Although Cox's "fault" is not pointed to by Lopez on appeal as a basis for reviewing the trial court's ruling, under the abuse of discretion standard of review, this Court should consider that argument and the

15

evidence introduced by Lopez in support thereof as part of the totality of the circumstances confronting the trial court as a basis of its denial of the motion for new trial—basically the ridiculousness of the argument likely (and properly) caused the trial court to discount the credibility of Lopez.

As for the rules and principles that the trial court was required to apply to the request for a new trial, Rule 166a(c) provides that "[e]xcept on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response." TEX. R. CIV. P. 166a(c). And, although a trial court may allow a late response to a motion for summary judgment, *Farmer v. Ben E. Keith Co.*, 919 S.W.2d 171, 176 (Tex. App.—Fort Worth 1996, no writ), the non-movant must obtain leave of court, *Neimes v. Ta*, 985 S.W.2d 132, 139 (Tex. App.—San Antonio 1998, pet. dism'd by agr.).

If the trial court allows a late response, the court "must affirmatively indicate in the record acceptance of the late filing." *Farmer*, 919 S.W.2d at 176. Absent an indication that the trial court allowed the late filing, the appellate court should presume the trial court refused the late filing, even if the response is included in the

16

appellate record. *Waddy v. City of Houston*, 834 S.W.2d 97, 101 (Tex. App.—Houston [1st Dist.] 1992, writ denied).

When considering the motion for new trial, the trial court was confronted with a party (Lopez) that had intentionally not filed a response to the motion for summary judgment with the explanation for not doing so being that the party (Lopez) believed that the suggestion of bankruptcy would stay the proceedings. This "belief" was, under all of the circumstances surrounding it, hard to accept as truthfully felt. At the very least it was clearly not supported by the law because a non-parties bankruptcy filing never stays a judicial proceeding. The trial court was also confronted with a suggestion of bankruptcy and a motion for new trial that suggested incorrectly that "Randolph A. Lopez d/b/a Brown Hand Center and d/b/a Brown Medical Center" had filed for bankruptcy when that is not the case (CR 46). This slight seems intentional. And, the trial court was confronted with the argument that it was Cox's fault for Lopez's failure to respond, an argument that reflects badly on Lopez's credibility. Under these circumstances, it was not an abuse of discretion for the trial court to have denied the motion for new trial.

# 4.

## Meritorious defense—"did not sign contract"

In Part B, b of appellant's brief, Lopez argues that under *Craddock* he has a meritorious defense—namely, that he did not sign the contract in question. *See* Aplt. Br. at 16-19.  Within this argument, Lopez claims that the summary judgment proof contained in Cox's motion presents a genuine issue of material fact as to whether he signed the contract.  *See* Aplt. Br. at 17 ("Cox cannot establish, based on the evidence in this record, that Dr. Lopez is a party to the Contract."), and at 18 ("From this it seems clear that the contracting party was Brown and not Dr. Lopes, but at a minimum, it raises a fact issue.").  In making this argument, Lopez convolutes the *Craddock* default standard with the summary judgment standard of review.

The proper inquiry in the review of a default-type motion for summary judgment is whether the motion for summary judgment itself expressly presents the grounds upon which it is made and whether it stands or falls on these grounds alone.  *See Spectrum Inc. v. Martinez*, 941 S.W.2d 910, 912 (Tex. 1997) (The movant's "motion for summary judgment must itself expressly present the grounds upon which it is made, and must stand or fall on these grounds

alone."). In that case, the standard of review would be de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). Moreover, a movant must prove that there is no genuine issue regarding any material fact and that it is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Little v. Tex. Dep't of Criminal Justice*, 148 S.W.3d 374, 381 (Tex. 2004). A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *See City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005). To determine if there is a fact issue, the evidence is viewed in the light most favorable to the nonmovant, crediting favorable evidence if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. *Id.* at 827. A reviewing court should indulge every reasonable inference and resolve any doubt in the nonmovant's favor. *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002).

If this Court is willing grant Lopez leeway and construe his appellant's brief as having properly raised the issue of the adequacy of Cox's motion for summary judgment, *see* TEX. R. APP. P. 38.9, the Court will nevertheless find that that argument fails. This is because, at best, Lopez's argument is limited to the claim that there is a fact

19

question as to whether Lopez signed the contract in question; yet, he admitted in the requests for admission that he is liable under the contract (CR 18-41). Lopez's argument to circumvent the admissions problem is that on remand the trial court could undeem the admissions. *See* Aplt. Br. at 19. However, Lopez did not file a motion to undeem the admissions and the trial court considered the motion for summary judgment with the admissions as part of the summary judgment proof. Therefore, the summary judgment proof shows, as a matter of law, that there was no genuine issue regarding whether Lopez was obligated under the contract that is the basis of this case.

**5.**

**Meritorious defense—"attorney's fees"**

In Part B, c of appellant's brief, Lopez argues that under *Craddock* he has a meritorious defense—namely, that on remand the trial court may award less attorney's fees under a segregation theory. *See* Aplt. Br. at 20-12. Because Lopez argues in this portion of his brief that the trial court abused its discretion by not granting the motion for new trial (he does not convolute the motion for summary judgment standard as he does in Part B, b of his brief), the only

question is whether the trial court was within its discretion in denying the motion for new trial.

This argument was never presented to the trial court for consideration. Of course, there is a long-standing rule that an issue may not be raised on appeal if not first presented in the trial court. TEX. R. APP. P. 33.1(a)(1).[5] The practical reasons for this rule are well-founded and widely recognized.[6] Moreover, the rule applies to summary judgment proceedings. TEX. R. CIV. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal [of a summary judgment].").[7]

---

[5] *See also In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003) (to preserve for appellate review, including constitutional error, a party must present to trial court timely request, motion, or objection, state specific grounds thereof, and obtain ruling); *State v. H.M. Huber Corp.*, 145 Tex. 517, 199 S.W.2d 501, 502 (1947); *Tucker v. Brackett*, 28 Tex. 336, 340 (1866); *Gumble v. Grand Homes 2000, L.P.*, 334 S.W.3d 1, 3-4 (Tex. App.—Dallas 2007, no pet.) (citing many cases for the proposition that "a party is required to present a complaint to the trial judge before being allowed to raise the issue on appeal").

[6] *See, e.g., Crawford v. Falcon Drilling Co., Inc.*, 131 F.3d 1120, 1129 (5th Cir. 1997) ("A chief justification for our general rule against permitting new issues to be raised on appeal is the concern 'of the public interest' for protecting the finality of judgment.") (citing *United States v. Atkinson*, 297 U.S. 157, 159, 56 S. Ct. 391 (1936)).

[7] *Little v. Needham*, 236 S.W.3d 328, 333 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (applying rule to non-movant in summary judgment case); *Lewis v. Nolan*, 105 S.W.3d 185, 189 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (applying rule to movant in summary judgment

21

Accordingly, this argument should be overruled.

## 6.

## "No harm or injury"

In Part B, d of appellant's brief, Lopez argues that under *Craddock* he has Cox will not be harmed by the grant of a new trial. This is a purely *Craddock* element and does factor into the analysis of whether the trial court abused its discretion in denying the motion for new trial. But even if *Craddock* were the proper standard, Cox is harmed by having had to incur the attorney's fees of dealing with the "default" because there is no offer or evidence presented by Lopez in his motion for new trial that he was ready and willing to reimburse Cox for his expenses as required under *Craddock*. *See, e.g., O'Connell v. O'Connell*, 843 S.W.2d 212, 220 (Tex. App.—Texarkana 1992, no writ) (holding that the appellant must show it is ready and must offer to reimburse the appellee for expenses).

---

case and stating "summary judgment cannot be affirmed on a ground not raised in the motion").

# PRAYER

Accordingly, appellee, Cox Texas Newspapers, L.P. d/b/a Austin American Statesman, prays that this Court affirm the judgment of the trial court.

Respectfully submitted,

/s/Timothy A. Hootman_____
Timothy A. Hootman
SBN 09965450
2402 Pease St
Houston, TX 77003
713.247.9548
713.583.9523 (fax)
E-mail: thootman2000@yahoo.com

Bill Malone, Jr.
SBN 12877500
8650 Spicewood Springs, No 145-598
Austin, TX 78759

ATTORNEYS FOR APPELLEE, COX TEXAS NEWSPAPERS, L.P.

# CERTIFICATE OF WORD COUNT

I hereby certify that, in accordance with Rule 9.4 of the Texas Rules of Appellate Procedure, that the number of words contained in this document are 4,638 according to the computer program used to prepare this document.

Dated: January 28, 2015.

/s/Timothy A. Hootman_____
Timothy A. Hootman

# CERTIFICATE OF SERVICE

I hereby certify that, in accordance with Rule 9.5 of the Texas Rules of Appellate Procedure, I have served the forgoing document upon the following attorneys by personal mail, commercial delivery service, fax, or electronic service:

Isaac J. Huron
Ramon Rodriguez
Davis, Cedillo & Mendoza
McCombs Plaza, Ste 500
San Antonio, TX 78212

Dated: January 28, 2015.

/s/Timothy A. Hootman_____
Timothy A. Hootman